561 So.2d 617 (1990)
Kenneth CARR, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1141.
District Court of Appeal of Florida, Fifth District.
May 3, 1990.
Rehearing Denied June 5, 1990.
*618 John B. Fuller, of Savage, Krim, Simons, Fuller & Ackerman, P.A., Ocala, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Carr appeals from his convictions and sentences imposed for manslaughter by culpable negligence,[1] and leaving the scene of an accident with death or serious injury.[2] He was also convicted of driving without a valid driver's license,[3] but does not appeal that count. Appellant contends the two felony counts should be reversed because two state witnesses made improper comments on the exercise of his right to remain silent, and his manslaughter conviction should be reversed because the state failed to adduce sufficient evidence to support the charge. We agree and reverse.
Police officers testifying at Carr's trial commented at least three times that appellant remained silent after being questioned by them regarding a fatal automobile accident. Carr's vehicle swerved across the centerline of a highway and hit another car. Officer Johnson volunteered that he asked Carr at the accident scene if he knew how it happened, but he "carried on no dialogue and I got no answer." Defense counsel objected and moved for a mistrial. The prosecutor apologized, saying he had instructed the police officer not to make such a comment. The trial court denied the motion, and gave curative instructions.
Officer Hall also made improper comments and consequently was admonished by the court out of the jury's presence. However, when he resumed his testimony, Hall said:
The first statements that I relied on  it's quite helpful to get the other side if it's possible. Let me clarify that; both sides that are involved in this accident I didn't have the means to do that in this particular case.
But there were certain statements during the course of the overall investigation that the Defendant made that were not asked of him... . Number two, Trooper Vincent, we have a tape where he advised the subject of his constitutional 
The prosecutor tried to cut Hall off at that point, and the trial judge sent the jury out again. He then said:
Trooper Hall, you have come as close as you can come in your testimony to causing a mistrial in this case and if you cause one after me giving you specific instructions as to what you were to tell this jury about the statements I will hold you in contempt.
Somewhat belatedly, defense counsel moved again for a mistrial. The trial judge denied his motion on the ground that the objection was not timely because it was not *619 made at the time Hall's testimony was given. However, defense counsel had previously twice objected on proper constitutional grounds as to Officers Johnson's and Hall's testimony and had moved for a mistrial.
The purpose of requiring contemporaneous objection is to signify to the trial court that there is an issue of law and to give notice as to its nature and the terms of the issue. Dodd v. State, 232 So.2d 235, 238 (Fla. 4th DCA 1970). When objection is made to unsolicited comments of a witness, the immediacy of the objection is not as critical as when the objection is to a question. Neither the questioner nor the other counsel can anticipate such voluntary statements from the question. Thus, courts have long recognized that objections to unsolicited comments are timely if made within a reasonable time.[4] Here it appears defense counsel voiced his objection and moved for mistrial within a reasonable time. The court itself spotted the error first, but defense counsel quickly responded.
Further, there is no doubt in this case that the witnesses did make comments on Carr's silence following the accident, which violated his Fifth Amendment rights. Such comments unfairly created an inference of guilt from the silence. Any comment which is fairly susceptible of being interpreted as a comment on silence will be treated as such. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). The trial judge recognized that the statements were prejudicial and ruled he would have declared a mistrial had there been a contemporaneous objection.
Moreover, the error was not harmless.[5] The case against the appellant was not strong. The state's case consisted primarily of circumstantial evidence and the jury's perception of the appellant's character was critical.
Although the evidence adduced at trial was sufficient to send to the jury on the leaving the scene of an accident charge, it was insufficient to sustain the manslaughter conviction. Section 782.07, Florida Statutes (1987), requires proof of gross and flagrant negligence evincing reckless disregard for human life or the safety of persons exposed to its dangerous effect. Walter v. State, 157 Fla. 684, 26 So.2d 821 (1946). Here, the state's evidence related almost solely to Carr's drinking prior to the accident. There was no evidence Carr had been speeding or driving recklessly. That is not enough under section 782.07,[6] although it might have been under section 316.193, Florida Statutes (1987) (driving under the influence). However, Carr was not charged under section 316.193.
Accordingly, we reverse both of Carr's convictions on appeal and we quash his sentences. We remand for resentencing on the driver's license charge which was not appealed, and we remand for a new trial on the leaving the scene of an accident charge.
REVERSED and REMANDED.
DANIEL, C.J., and COBB, J., concur.
NOTES
[1] § 782.07, Fla. Stat. (1987).
[2] § 316.027, Fla. Stat. (1987).
[3] § 322.03, Fla. Stat. (1987).
[4] Roban v. State, 384 So.2d 683 (Fla. 4th DCA), review denied, 392 So.2d 1379 (Fla. 1980), receded from on other grounds, State v. DiGuilio, 491 So.2d 1129 (Fla. 1986) (objection three questions after the prejudicial comment was acceptable because the question was proper and gave no notice of the unsolicited answer; the objection was within the time frame for a contemporaneous objection); Jackson v. State, 451 So.2d 458 (Fla. 1984) (an objection need not always be made at the moment an examination enters impermissible areas of inquiry; objection during the impermissible line of questioning was sufficiently timely to have allowed the court to consider a motion for mistrial or to instruct the jury to disregard the testimony); Rodriguez v. State, 494 So.2d 496 (Fla. 4th DCA 1986) (even though the defense did not object at all to a witness's comment on post-arrest silence, because defense counsel had objected to the same type of statement by a previous witness and had been overruled, further objection would have been fruitless).
[5] State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
[6] See Peel v. State, 291 So.2d 226 (Fla. 1st DCA), cert. denied, 298 So.2d 164 (Fla. 1974); Filmon v. State, 336 So.2d 586 (Fla. 1976), cert. denied, 430 U.S. 980, 97 S.Ct. 1675, 52 L.Ed.2d 375 (1977); Smith v. State, 65 So.2d 303 (Fla. 1953); Jackson v. State, 100 So.2d 839 (Fla. 1st DCA 1958).