713 So.2d 1102 (1998)
Gladys J. JANIGA, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00033.
District Court of Appeal of Florida, Second District.
July 22, 1998.
James Marion Moorman, Public Defender, and Patricia A. Paterson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A jury convicted Gladys Janiga of burglary and grand theft. On appeal, Janiga argues that the trial court should have declared a mistrial following the prosecutor's impermissible comment on Janiga's failure to produce a witness. We agree, and reverse Janiga's convictions.
*1103 The defense theory focused on Janiga's lack of conscious participation in the crimes. She testified that on the evening in question she, the victim, and Janiga's former boyfriend, Robert Bottcher, were drinking and smoking crack cocaine. Janiga claimed that she became intoxicated to the point that she lost consciousness. According to Janiga, Bottcher was the true malefactor who planned and committed the burglary and grand theft. Bottcher was equally available to both the State and the defense to call as a witness, but neither party called him. During the State's closing argument to the jury, the prosecutor questioned "Where was Mr. Bottcher? Where was Mr. Bottcher to confirm everything she had to say?" The comment elicited a defense objection, which was overruled, and a motion for mistrial, which was denied.
The law is well-settled that the State may not comment on the defendant's failure to present evidence to refute an element of the crime charged, because such could erroneously lead the jury to believe that the defendant has the burden of proving her innocence. See Jackson v. State, 575 So.2d 181, 188 (Fla.1991); Brown v. State, 593 So.2d 1210, 1212 (Fla. 2d DCA 1992). There is a narrow exception to this rule, when the defendant assumes some burden of proof by advancing the defense of alibi, selfdefense, or defense of another, relying on facts that could be elicited only from a witness who is not equally available to the State. See Jackson, 575 So.2d at 188. But Janiga did not defend on any of those bases, and Bottcher was equally available to the State. The prosecutor's comment on Janiga's failure to call Bottcher as a witness was improper and prejudicial, and she is entitled to a new trial.
Janiga also contends the court erred by overruling objections to the prosecutor's comments and questions concerning her election to remain silent when questioned by police. A prosecutor may not ask questions or make comments that are fairly susceptible of interpretation as a comment on the defendant's right to remain silent, the vice being that the jury might infer guilt from the defendant's silence. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986); Carr v. State, 561 So.2d 617 (Fla. 5th DCA 1990). However, such matters are subject to harmless error analysis. See Jackson v. State, 522 So.2d 802, 807 (Fla.1988); DiGuilio, 491 So.2d at 1135.
Here, the first party to disclose that Janiga had invoked her right to discontinue discussion with the investigating officer was Janiga herself during direct testimony in her case-in-chief. On cross-examination, the prosecutor asked Janiga several questions on the subject before defense counsel finally approached the bench and objected. The trial court ended that line of inquiry and directed the prosecutor to move to another subject. Under these circumstances, we find no reversible error.
Finally, Janiga complains that when sentencing her the trial court imposed investigative costs that had not been requested. The State concedes that this was error. But, given our disposition of the first issue, this one is moot.
Reversed and remanded for a new trial.
PARKER, C.J., and BLUE, J., concur.