779 So.2d 522 (2000)
Bryant Lemont SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4858.
District Court of Appeal of Florida, Second District.
December 13, 2000.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Chief Judge.
Bryant Sanders challenges his judgment and life sentence for two counts of robbery with a firearm. Of the four points raised, the issue of the prosecutors' closing arguments is dispositive. The closing arguments constituted fundamental error and require reversal and remand for a new trial.
On May 4, 1997, just before 2:00 p.m., Tiawain Elbert and his uncle, Kerman Elbert, were robbed at gunpoint while at Kenny's Car Wash in St. Petersburg. One of the two robbers had a shirt covering his face, but the shirt fell off for a few seconds during the robbery. No one identified Sanders on the day of the robbery. The police developed Sanders as a suspect after speaking to Antonio Robinson, a cousin of victim Tiawain Elbert. Robinson was not present at the robbery.
Sanders had been at the car wash on the morning of the robbery to have his 1967 Chevrolet Impala washed in preparation *523 for "Chunky Sunday," an informal event at Bartlett Park at which young adults displayed their automobiles. An employee of the car wash, Sampson Canfall, knew Sanders from his patronage of the car wash. When the police showed Canfall a photopack, he identified Sanders. The Elberts also identified Sanders after being shown a photopack.
Sanders presented an alibi defense. He testified that he and two friends, Robert Newsome and Keith Pritchett, left for the car wash between 9:00 and 9:30 a.m. and returned home around 11:00 a.m. Sanders testified that he hosted a barbeque that day, and five witnesses testified that Sanders was at the barbeque that afternoon. Pritchett and Newsome testified that they were at the barbeque with Sanders until they left for Bartlett Park around 5:00 p.m.
The jury found Sanders guilty as charged of the two counts of robbery with a firearm. The trial court imposed a concurrent sentence of life imprisonment as a violent habitual offender.
Sanders argues that the prosecutors' closing arguments improperly shifted the burden of proof to the defense. Sanders concedes that no objections were raised at trial, but contends that the errors deprived him of his due process right to a fair trial. As a matter of due process, the State must "prove every element of a crime beyond a reasonable doubt." Jackson v. State, 575 So.2d 181, 188 (Fla.1991). When a defendant raises an alibi defense, the defendant is not required to prove the alibi beyond a reasonable doubt. See Flowers v. State, 152 Fla. 649, 12 So.2d 772 (1943); Hudson v. State, 381 So.2d 344 (Fla. 3d DCA 1980). "The proof of an alibi is sufficient if it raises a reasonable doubt in the minds of the jury that the defendant was present at the time and place of the commission of the crime charged." Flowers, 12 So.2d at 776; see Watson v. State, 200 So.2d 270 (Fla. 2d DCA 1967). The standard jury instruction on alibi provides: "An issue in this case is whether defendant was present when the crime allegedly was committed. If you have a reasonable doubt that the defendant was present at the scene of the alleged crime, it is your duty to find the defendant not guilty." Fla. Std. Jury Instr. (Crim.) 3.04(a).
"Counsel may not contravene the law and the jury instructions in arguing to the jury." Cave v. State, 476 So.2d 180, 186 (Fla.1985). Here, the prosecutors referenced four times in closing that it was the defendant's burden to prove his alibi beyond a reasonable doubt. For example, one of the prosecutors stated, "The alibi defense that the defense put on must be proven beyond a reasonable doubt as well and the defense has not met the burden of proving an alibi beyond a reasonable doubt." Thus, the prosecution improperly shifted the burden of proof to the defense. Contrary to the State's argument on appeal, this was not harmless error.
Sanders presented an alibi defense, and in addition to his testimony, five witnesses testified that he was at a family barbeque at the time that the robberies occurred at the car wash. The two victims and an employee of the car wash identified Sanders as the robber. These three eyewitnesses saw the robber's face for only a few seconds, and no physical evidence links Sanders to the robberies. Under these circumstances, the error in shifting the burden of proof on the contested issue of alibi deprived Sanders of his fundamental right to due process. Thus, we reverse Sanders' judgment and sentence and remand for a new trial.
For the purposes of retrial, we briefly address Sanders' contention that the trial court erred in prohibiting testimony regarding threats Antonio Robinson allegedly made to defense witnesses. Robinson did not testify at trial. No evidence was proffered that Robinson threatened witnesses in order to get the witnesses to change their testimony. Testimony of the *524 threats was irrelevant and properly prohibited.
Reversed and remanded for new trial.
NORTHCUTT and STRINGER, JJ., Concur.