798 So.2d 893 (2001)
Javier GUTIERREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3254.
District Court of Appeal of Florida, Fourth District.
November 7, 2001.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Judy Hyman, Assistant Attorney General, West Palm Beach, for appellee.
DELL, J.
Javier Gutierrez appeals his convictions of aggravated assault with a firearm and carrying a concealed firearm. We reverse.
*894 Appellant and the victim, Delgado, collided in a crowd at the South Florida Fair, after which appellant allegedly threatened Delgado with a gun. Delgado summoned nearby police officers, who pursued and captured appellant. When captured, appellant had a .25 caliber Beretta, fully loaded and cocked, in his back pocket.
Delgado testified that after they bumped into each other appellant cursed at him, then drew a pistol, which appellant cocked and pointed at him. Appellant testified that after bumping into Delgado, Delgado got angry and pushed him. Appellant said that his friend, Roman Hernandez, pulled a small weapon and handed it to him, but he never cocked the gun or pointed it at Delgado. Appellant also said that he was afraid of Delgado. He testified that he is about five feet, five inches tall and weighs about 130 pounds. Defense counsel established that Delgado is about six feet tall and weighs about 180 pounds.
During closing argument, defense counsel argued that the police officer did not see appellant point the gun at Delgado, and that the police did not look for fingerprints on the gun to establish that appellant had pulled the slide back, or look for anyone in the crowd who might have seen what occurred. Counsel also reminded the jury that appellant testified that his friend Roman had the gun and handed it to him.
The prosecutor responded by calling defense counsel's closing argument "the let's blame Roman fest." He argued that the argument boiled down to the assertion that Roman did everything and appellant did nothing. In discussing whether appellant's version of events was reasonable, the prosecutor first suggested that if somebody had actually handed appellant a gun he didn't want, the first thing appellant would have done is drop the gun. Then he said "Number two, where's Roman? Roman's his friend." Defense counsel immediately objected, on the ground that this argument improperly shifted the burden of proof. The trial court sustained the objection, but denied defense counsel's request for a curative instruction. After this ruling, with the court's permission, the prosecutor told the jury that Roman is in Mexico.
Appellant contends that the trial court erred when it denied his request for a curative instruction. We agree.
In Jackson v. State, 575 So.2d 181 (Fla. 1991), the supreme court held that:
[T]he state cannot comment on a defendant's failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence. However, this Court has applied a narrow exception to allow comment when the defendant voluntarily assumes some burden of proof by asserting the defenses of alibi, self-defense, and defense of others, relying on facts that could be elicited only from a witness who is not equally available to the state. A witness is not equally available when there is a special relationship between the defendant and the witness....
. . . .
In the instant case, Jackson put on no evidence in the guilt phase, nor did he put into issue any particular theory of defense to which his mother could have related relevant testimony. Jackson had no burden to present evidence, and he chose not to do so. Under those circumstances, the witness's special relationship to Jackson was irrelevant, and the trial court erred by allowing the state to bring the witness's absence into issue in its closing argument.
Id. at 188 (citations and footnote omitted).
In White v. State, 757 So.2d 542 (Fla. 4th DCA 2000), the defendant took the *895 stand, but he did not assert an affirmative defense. Instead, his testimony was directed toward refuting an element of the State's case. The court held that even though a defendant who testifies places his credibility in issue:
[A] criminal defendant is presumed innocent and the state has the burden of proving guilt on all elements of the offense, the prosecutor must stop short of inquiring about witnesses the defendant failed to call to support his story. Otherwise, the jury will be led to believe that the defendant has an obligation to produce these witnesses and to prove his innocence.
Id. at 546-47.
We are not persuaded by the State's argument that evidence of Delgado's height and weight, and appellant's testimony that he was afraid Delgado would beat him, amounted to the assertion of self defense. Appellant testified that he did not cock the gun or point it at Delgado. Taken in context, his answer to his attorney's question as to why he took the gun, "I was scared, I thought he was going to beat me up," does not establish that he was asserting self-defense. He testified that his friend Roman pulled a weapon from his pocket and gave it to him. His testimony concerning Roman's act of giving him the gun related to the State's case in chief, and not to a claim of self-defense.
The record also fails to support the State's argument that a special relationship existed between appellant and Roman and that because of that relationship Roman would have a reluctance to testify against appellant. See State v. Michaels, 454 So.2d 560 (Fla.1984); Thomas v. State, 726 So.2d 369 (Fla. 4th DCA 1999); Lawyer v. State, 627 So.2d 564 (Fla. 4th DCA 1993), cause dismissed, 639 So.2d 981 (Fla. 1994).
Accordingly, we hold that the trial court abused its discretion when it failed to grant appellant's requested curative instruction. We, therefore, reverse and remand this case for a new trial.
REVERSED AND REMANDED.
POLEN, C.J., and GROSS, J., concur.