855 So.2d 155 (2003)
Catherine LaFLEUR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1497.
District Court of Appeal of Florida, First District.
August 21, 2003.
Rehearing Denied September 25, 2003.
*156 James T. Miller and Thomas G. Fallis, Jacksonville, for Appellant.
Charlie Crist, Attorney General, and Barbara J. Yates, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Catherine LaFleur appeals the judgment and life sentence imposed following her conviction of first degree murder in connection with the shooting death of her husband. Despite LaFleur's claim that the shooting was accidental, our independent review of the case and the record reveals overwhelming evidence of LaFleur's guilt. Thus, even assuming any error occurred in the trial court's exclusion of the victim's statements, such error was harmless. Under our evidence code, "the victim's state of mind may become relevant to an issue in the case where the defendant claims ... that the death was accidental." Stoll v. State, 762 So.2d 870, 874-75 (Fla. 2000). In the present case, appellant argues that certain statements made by the victim to co-workers were consistent with a claim that the victim's death was the result of an accident rather than the result of the criminal agency of appellant. Although we decide this case based upon harmless error, we note that, in contrast to cases where the victim's statements are admissible in the State's case to rebut a claim of accident, the admission of such statements to support the defense theory seems inherently more tenuous because it is difficult to imagine a statement that could be predictive of an accident. See, e.g., Taylor v. State, 855 So.2d 1, 12, 2003 WL 21283161 (Fla. June 5, 2003); Stoll, 762 So.2d at 874-75. Indeed, we have not been directed to, nor have we discovered a case, in which a trial court was reversed under section 90.803(3), Florida Statutes, for failing to admit hearsay evidence predictive of an accident, as opposed to rebutting a claim of accident.
AFFIRMED.
KAHN, VAN NORTWICK, and BROWNING, JJ., CONCUR.