875 So.2d 812 (2004)
Anthony MIELE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5725.
District Court of Appeal of Florida, Second District.
July 2, 2004.
*813 James Marion Moorman, Public Defender, and Raymond Dix, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Anthony Miele seeks review of the judgment and sentence entered after a jury found him guilty of burglary of a dwelling. We reverse for a new trial because the State impermissibly commented on Miele's failure to present evidence to refute an element of the charged crime. We affirm without comment the other issues raised by Miele on appeal.
The charges in this case arose when Renee Elder returned from work and found that someone had taken a five-gallon water jug containing between $300 and $500 in coins, gold coins, and $2 bills from her bedroom closet. Elder called the police and immediately went to the local convenience store where she learned that a man later identified as Miele had used $2 bills to make some purchases earlier that day. Elder told the police that she suspected *814 that one of her daughter's friends, Florence Brown, was involved in the crime. When the police questioned Brown, she confessed and told them that she had committed the burglary with Miele. At trial, Miele's defense was that he did not commit the crime and that the $2 bills he spent at the convenience store came from a jug his father possessed and allowed him to access. To support his defense, Miele presented the testimony of Angelina Arizpe and Katrina Miele.
The State's impermissible comments on Miele's failure to present evidence occurred during the questioning of Angelina Arizpe and Katrina Miele. When cross-examining Arizpe, Miele's former girlfriend, regarding her testimony that Miele's father had given Miele and her $2 bills, the State asked her if Miele's father was present in the courthouse. Defense counsel objected after the witness finished testifying on the basis that this question improperly shifted the burden of proof. This question was a comment on Miele's failure to call his father as a witness to corroborate Arizpe's testimony that Miele's father's money jug was the source of the $2 bills Miele had spent at the convenience store on the day of the burglary.
Katrina Miele, Miele's older sister, testified that Miele sometimes used $2 bills and that they were taken from a stash of such cash kept by their father in a large jug. The State asked Katrina Miele if she had a camera, presumably to take photos of the jug. The court denied defense counsel's objection and allowed the State to elicit testimony that while Katrina Miele did have a camera on February 11, 2001 (the date Miele first told police about the alternate source of the $2 bills), she did not take pictures of her father's jug of money at that time. The State went even further, eliciting testimony that Katrina Miele did later photograph the jug of money and give the pictures to her father. This line of questioning was a comment on Miele's failure to produce photographs of his father's money jug.
It is not permissible for the State to comment on the defendant's failure to present evidence refuting an element of the charged crime. Jackson v. State, 575 So.2d 181, 188 (Fla.1991); Janiga v. State, 713 So.2d 1102, 1103 (Fla. 2d DCA 1998). The only exception to this rule applies when the defendant assumes some burden of proof by offering an affirmative defense and the witness is not equally available to the State. Hayes v. State, 660 So.2d 257, 265 (Fla.1995); Jackson, 575 So.2d at 188.
In this case, the State commented twice on Miele's failure to present evidence to refute an element of the charged crime. The exception to the rule prohibiting this sort of questioning does not apply because Miele did not raise an affirmative defense for which he assumed the burden of proof. Miele's defense was that he did not commit the crime and that he was in possession of $2 bills because his father had given them to him.
This error was not harmless. Angelina Arizpe and Katrina Miele were Miele's only witnesses. Brown was the only witness placing Miele at the crime scene, and her credibility was severely impeached. The only evidence connecting Miele to the burglary besides Brown's testimony was the testimony that he had spent five $2 bills at a nearby convenience store shortly after the burglary. The State's improper questioning suggested at best that Miele had a duty to present additional evidence to refute the State's allegation that these $2 bills were retrieved during the burglary. At worst, the questioning suggested that Miele did not call his father to testify because he could *815 not corroborate the defense witnesses' testimony regarding the source of the $2 bills. Either way, the State has not shown beyond a reasonable doubt that there is no reasonable possibility that the error contributed to the verdict.
Reversed and remanded for a new trial.
CASANUEVA and SILBERMAN, JJ., concur.