MAY, J.
 

 The defendant appeals her conviction and sentence for battery on a law enforcement officer. She argues the trial court erred in allowing the State to shift the burden of proof during its cross-examination of her, and in refusing to read back certain trial testimony. We find no error in the latter issue, but reverse the court’s rulings on the State’s cross-examination because this impermissibly shifted the burden of proof to the defendant.
 

 The defendant was arrested and taken to jail for leaving her baggage unattended at the airport. The charged crime occurred during a female detention deputy’s booking and processing of the defendant.
 

 According to the deputy’s testimony, the defendant was very upset and uncooperative. The deputy instructed the defendant on the booking process, which included a search for contraband and fingerprinting.
 

 When two detention deputies entered the holding cell, the defendant yelled not to touch her and requested a Spanish deputy. A deputy explained to the defendant that she would be processed as quickly as possible if she cooperated and thereafter would likely be released. When the female deputy began the pat down, the defendant turned and grabbed hold of the deputy’s shirt and ripped off two buttons. The defendant and deputy fell to the floor and the defendant tried to bite the deputy’s leg. In response, the deputy struck her. The deputy testified that where force is used, the inmate is immediately seen by medical personnel and pictures are taken. That procedure was followed in this case. Two other deputies corroborated the events.
 

 Not surprisingly, the defendant’s version of the facts was different. She explained that she had been treated roughly by the arresting officer, who grabbed her arm, causing it to bruise. When she arrived at the jail, she was told to undress. She asked for someone who spoke Spanish, but to no avail. She testified that she was hit by the deputies and one of them took $40 out of her pocket. She denied having grabbed the deputy’s shirt or having tried to bite the deputy. She claimed that one of the deputies made a boot-mark on her arm, which was visible for a day and a half, and she was hit in the back, head, and face.
 

 On cross-examination, the State asked whether she had been injured. When she
 
 *385
 
 replied in the affirmative, the State asked, “Did you take any pictures of your injuries?” The defendant replied that she had, but they came out “light” and she did not want to bring them to trial because they were unclear. Defense counsel objected and argued that the inquiry amounted to a shifting of the burden of proof. The trial court overruled the objection. The State then pursued the issue further:
 

 Q So you don’t have any pictures here with you?
 

 A Well, here at this moment, no.
 

 Q In fact, the only pictures that we have is a picture taken by Sergeant Acosta which showed no injury; is that correct?
 

 Defense counsel again objected. The court directed the State to restate the question. A bench conference ensued, followed this inquiry in open court:
 

 Q Did you ask anyone at the jail to take a closer picture of you that would show your injuries?
 

 A No.
 

 The State then asked whether she had any doctor’s reports or other information to document her injuries.
 

 During closing, the State discussed the photographic evidence:
 

 [T]he only picture evidence you have before you in this case is the picture that I have submitted to you. A picture that shows no injuries to the defendant in any such way. So when you judge the credibility of the witnesses, which is your job, take that into account, that all of the evidence in this case matches up with one story and one story alone, one version of events.
 

 In closing, defense counsel emphasized the discrepancies in the testimony and reminded the jury that the defendant did not have the burden of proof and was not required to bring pictures. The jury convicted the defendant of battery on a law enforcement officer.
 

 On appeal, the defendant argues that the trial court erred in overruling its objections to the State’s cross-examination of the defendant concerning her failure to produce photographs of her injuries, which shifted the burden of proof to the defendant. The State responds that it was justified in calling the jury’s attention to the defendant’s failure to produce photographs because the State did not have equal access to the evidence.
 
 [1]
 

 We generally review a trial court’s decisions on evidentiary matters for an abuse of discretion.
 
 Gutierrez v. State,
 
 798 So.2d 893 (Fla. 4th DCA 2001).
 

 The State is not permitted to “comment on a defendant’s failure to produce evidence to refute an element of the crime.”
 
 Id.
 
 at 894 (quoting
 
 Jackson v. State,
 
 575 So.2d 181, 188 (Fla.1991)). “[D]oing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence.”
 
 Id.
 
 An exception exists, however, “when the defendant voluntarily assumes some burden of proof by asserting the defense of alibi, self defense, and defense of others, relying on facts that could be elicited only from a witness who is not equally available to the state.”
 
 Id.
 

 Here, the defendant did not assume a burden of proof by asserting an affirmative defense. And the photos, of which the State was apparently aware, were subject to reciprocal discovery and
 
 *386
 
 therefore “equally available” to the State.
 
 Thomas v. State,
 
 726 So.2d 369, 370 (Fla. 4th DCA 1999). Although the defendant made reference to her injuries, she did not “rely[] on” those facts in support of a defense of “alibi, self-defense, [or] defense of others.”
 
 Jackson,
 
 575 So.2d at
 
 188.
 
 Rather, the defendant denied battering the deputy.
 
 See Wright v. State,
 
 920 So.2d 21, 24 (Fla. 4th DCA 2005) (“An affirmative defense does not concern itself with the elements of the offense at all; it concedes them” and “asserts a good excuse or reason.”). For these reasons, the State im-permissibly shifted the burden of proof by focusing on the defendant’s failure to produce photographs and a doctor’s report to substantiate her claim of injury.
 
 See Love v. State,
 
 971 So.2d 280, 284-85 (Fla. 4th DCA 2008).
 

 The State had the burden to prove the defendant committed the crime.
 
 Jackson v. State,
 
 832 So.2d 773, 778 (Fla. 4th DCA 2002). The trial court abused its discretion when it allowed the State to shift that burden to the defendant through its questions and comments that implied the defendant should have produced photographic evidence and medical reports to support her version of events.
 
 See id.
 

 We further disagree that the error was harmless.
 
 Goodwin v. State,
 
 751 So.2d 537, 541 (Fla.1999) (“‘[I]f the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.’ ”) (quoting
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1139 (Fla.1986)). (See BB R. 10.6.3)
 

 The alleged burden-shifting questions and comments were neither isolated nor negligible in emphasis. The State inquired whether the defendant had photographs to support her story, and questioned why they were not introduced at trial. After reemphasizing that the defendant had no pictures supporting her testimony, the prosecutor confirmed that the only pictures belonged to the State and they showed no injury. The State reemphasized this point in closing. No curative instructions were given to alleviate the harm.
 
 Compare, e.g., Bush v. State,
 
 809 So.2d 107, 117 (Fla. 4th DCA 2002) (finding “the repetition of’ instructions “reminding the jury the state carried the burden” refuted the “suggestion] that the state’s argument did anything to make the jury believe that the burden was otherwise”) (citing as example
 
 Thomas v. State,
 
 726 So.2d 369, 372 (Fla. 4th DCA 1999)). (See BB R. 10.6.3)
 

 We therefore reverse and remand the case for a new trial.
 

 Reversed and remanded for a new trial.
 

 WARNER and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Despite the State's suggestion of lack of preservation, we find the defendant’s argument sufficiently preserved.