EVANDER, J.
 

 Mark Lanzo appeals a final order withholding adjudication and imposing a sentence of probation after a jury found him guilty of burglary of an occupied dwelling and petit theft. Lanzo contends that the trial court erred in instructing the jury that it could infer that he had the intent to commit a crime inside a structure if the entry into the structure was “done stealthily without the consent of the owner or occupant....” We conclude there was insufficient evidence to support the giving of this instruction, and, accordingly, reverse Lanzo’s convictions and remand for a new trial.
 

 On the afternoon of March 9, 2010, David Smith left his home to run an errand, leaving his home’s garage door open. Smith’s seventeen-year-old son was inside the house and the son’s car was parked either in the driveway or on the street. Five bicycles were inside the garage, where they were visible from the street.
 

 When Smith returned, he saw Lanzo standing just inside the garage next to a blue beach rider bicycle worth $30-$40. Lanzo had one hand on the seat and the other on the handle bars. Although Smith did not see Lanzo take any steps, it appeared to Smith that Lanzo was slowly moving the bicycle out of the garage. As soon as Smith pulled into the driveway and stopped, Lanzo let go of the bicycle and turned to face him.
 

 In response to Smith’s question of what he [Lanzo] was doing, Lanzo stated that he thought he recognized the bicycle as one that had been recently stolen from him. Lanzo then said, “It will never happen again, it will never happen again.” Smith told Lanzo to leave and Lanzo walked away. After checking with his son, who was unaware that anyone had been in the garage, Smith called 9-1-1.
 

 Officer Casey responded to the 9-1-1 call and found Lanzo walking away from Smith’s house. When the officer asked Lanzo to speak with him, Lanzo did so. After being given
 
 Miranda
 
 warnings, Lan-zo told the police that he had looked at the bicycle to determine if it was his recently stolen bike. Lanzo claimed that he had purchased a new blue beach cruiser bike and that the bike had been stolen a few
 
 *819
 
 days before. Lanzo acknowledged that he had not reported the bicycle theft.
 

 At trial, Lanzo testified that on the day in question, he was walking home from school. A friend from school, Terrell Nelson,
 
 [1]
 
 had seen Smith’s bike and told Lanzo to check and see if it was Lanzo’s missing bicycle. Lanzo further testified that after looking at Smith’s bike, he realized that it was not his bike and that he would have walked away without the bike even if Smith had not arrived at that moment.
 

 At the charge conference, the State requested that the jury be instructed on the statutory presumption set forth in section 810.07(1), Florida Statutes (2010). That statute provides that where a defendant is tried on a burglary charge, evidence that the defendant entered a particular structure or conveyance “stealthily and without consent of the owner or occupant thereof is prima facie evidence of entering with intent to commit an offense.” Over Lanzo’s objection, the trial judge granted the State’s request and instructed the jury as follows:
 

 You may infer that Mark Anthony Lan-zo had the intent to commit a crime inside a structure if the entering of the structure was done stealthily without the consent of the owner or occupant. ...
 

 To utilize the presumption set forth in section 810.07, the State must present evidence of the owner or occupant’s lack of consent
 
 and
 
 that entry into the structure was done “stealthily.” While the statute does not define “stealth,” this term has been interpreted to mean activity that is “surreptitious, furtive, or sly.”
 
 J.A.S. v. State,
 
 952 So.2d 638, 640 (Fla. 2d DCA 2007);
 
 see also Black’s Law Dictionary
 
 1548 (9th ed. 2009).
 

 Florida courts have concluded that a defendant acts stealthily when his or her actions are done in a furtive or clandestine manner to avoid discovery.
 
 See, e.g., Baker v. State,
 
 636 So.2d 1342, 1343 (Fla.1994) (evidence supported a finding of stealthy entry where defendant crept underneath plastic tarp into backyard surrounded by privacy fence, broke window while hidden from view in seclusion of backyard, and fled when alarm sounded);
 
 M.S. v. State,
 
 774 So.2d 777, 778 (Fla. 3d DCA 2000) (inferring intent through statutory presumption of stealthy entry where defendant ran from back exit of apartment late at night).
 

 In contrast, courts have declined to conclude that evidence showed stealthy entry where the defendant did not act in a furtive or a clandestine manner.
 
 See, e.g., J.A.S. v. State; Frazier v. State,
 
 664 So.2d
 
 *820
 
 985, 986 (Fla. 4th DCA 1995) (stealth instruction improper where defendant smashed through glass door of home in broad daylight and in presence of victims).
 

 J.A.S.
 
 is particularly instructive. There, our sister court reversed an order adjudicating J.A.S. delinquent for attempted burglary of a dwelling. The State’s evidence established that a neighbor had observed J.A.S. jiggle the garage door handle of the alleged victim’s residence, while another boy went to the front door of the house. Neither boy was observed gaining entry into the house as both remained in front of the house. After shaking the handle for approximately five to ten minutes, J.A.S. leaned against the garage door another few minutes. While the neighbor continued to watch, the boys walked away from the residence.
 

 A few minutes later, a police officer arrived at the home in response to a signal from a burglar alarm. Police investigated the scene and discovered a sliding door in the back of the house that was partially open. There was no evidence of entry into the house and no evidence that connected the boys to any action that may have set off the burglar alarm or placed them near the partially open door. The alleged victim knew J.A.S. and testified that J.A.S. did not have permission to be in her house.
 

 At the close of the State’s case, the defense unsuccessfully moved for a judgment of dismissal arguing that the State had failed to prove J.A.S. had the intent to commit a crime. On appeal, the Second District Court of Appeal determined that J.A.S.’s motion should have been granted. The court rejected the State’s argument that intent could be inferred based upon the statutory presumption set forth in section 810.07, concluding there was insufficient evidence to permit the presumption’s use. The court observed that the two boys did not sneak up to or run away from the house. Rather, in broad daylight, they approached and remained near the front entrance of a house (located on a residential street), where their activities could readily be observed by any passerby.
 

 In the instant case, there is similarly insufficient evidence to support the employment of the statutory presumption set forth in section 810.07. Lanzo was seen at the open garage door of a house on a residential street during daylight hours and in full view of any passerby. There was no evidence that he approached the house in a furtive manner, and the evidence established that he left there by simply walking down the street. Furthermore, Lanzo readily spoke with both the alleged victim and the responding police officer. While the State presented sufficient evidence to have the charges decided by the jury, the evidence was insufficient to permit use of the statutory presumption.
 

 REVERSED and REMANDED FOR NEW TRIAL.
 

 TORPY and JACOBUS, JJ., concur.
 

 [1]
 

 . Nelson did not testify at trial. For the benefit of the trial court and counsel, we caution that should this case be retried and Nelson is once again not called as a witness, the circumstances in which the State may comment on a defendant's failure to call a witness are extremely limited.
 
 See Rodriguez v. State,
 
 753 So.2d 29, 38-39 (Fla.2000) ("[T]he state may not comment on a defendant's failure to mount a defense because doing so could lead the jury to erroneously conclude that the defendant has the burden of doing so.... There is a 'narrow exception' to this rule, applicable where the defendant has asserted a defense of alibi, self-defense, or defense of others, relying on facts that could be elicited only from a witness who is not equally available to the state. Unless the circumstances fall within this 'narrow exception,' these matters are not the subject of fair comment, and any comment ‘fairly susceptible’ to being construed as a comment on the failure to mount a defense is impermissible.”) (internal citations omitted);
 
 see also Conner v. State,
 
 910 So.2d 313 (Fla. 5th DCA 2005) (improper for prosecutor, during rebuttal closing argument, to comment on defendant’s failure to call two witnesses, where based on defendant’s version of events, it was unlikely that had those witnesses been called, defendant would have asserted defense of alibi, self-defense, or defense of others).