RAMIREZ, J.
(dissenting).
I dissent. The majority opinion directly contradicts the supreme court case of Hayes v. State, 660 So.2d 257 (Fla.1995). It purports to distinguish this binding precedent by saying “testimony elicited by the prosecution at trial that the defense had not asked a crime laboratory to test blood stains and added that the lab had complied with such requests in the past for other defense attorneys constituted improper burden shifting.” Majority opinion at pp. 1190-91. How is that different from our case? Here the prosecutor was allowed to ask the detective at trial why he visited the defendant — to allow him to dispel any concerns that he did anything wrong. The detective also testified at trial that the defendant could provide no documentation to support his position that the money owed was a loan rather than a theft. When the defendant could not, he was immediately arrested. If this is not shifting the burden, I don’t know what is.
The attempt by the majority to distinguish Ramirez v. State, 1 So.3d 383 (Fla. 4th DCA 2009) is equally puzzling. It is evidently based on the fact that not having any documents to show mortgage versus theft “is not an element of the crime.” I fail to see the significance of this. The documents would relate to a defense, not an element of the crime. The whole point of shifting the burden is that the defendant is made to come forth to prove his innocence, instead of requiring the State to prove his guilt. More enigmatic is the reference to the fact that the documents could be obtained through a search warrant and that the statement was voluntary. The issue was not the suppression of evidence or the statement, it was the shifting of the burden.
Finally, Miele v. State, 875 So.2d 812 (Fla. 2d DCA 2004) is right on point when *1193 it states that “[i]t is not permissible for the State to comment on the defendant’s failure to present evidence refuting an element of the charged crime. The only exception to this rule applies when the defendant assumes some burden of proof by offering an affirmative defense and the witness is not equally available to the State.” Id. at 814 (emphasis added; citations omitted). There is no attempt to apply the exception. Instead the majority seems to create a historical exception to the burden shifting. Apparently our long history of requiring the State to prove a defendant’s guilt is not applicable to “historical facts.”
I would reverse.