POLSTON, J.,
dissenting.
I agree with Justice Perry’s dissent that this Court does not have jurisdiction in this case. As Justice Perry states, the Third District’s decision in Warmington v. State, 86 So.3d 1188 (Fla. 3d DCA 2012), does not expressly and directly conflict with this Court’s decision in Hayes v. State, 660 So.2d 257 (Fla.1995), the Fourth District’s decision in Ramirez v. State, 1 So.3d 383 (Fla. 4th DCA 2009), or the *657 Second District’s decision in Miele v. State, 875 So.2d 812 (Fla. 2d DCA 2004).
In Hayes, Ramirez, and Miele, the prosecutors commented on the defendants’ failure to produce exculpatory evidence at trial, specifically evidence suggesting innocence and relating to elements of the charged crimes. In Hayes, 660 So.2d at 265, the defendant was charged with murder, but the prosecutor’s questioning suggested that the defendant was responsible for proving his innocence at trial by producing exculpatory scientific evidence from the crime scene. In Ramirez, 1 So.3d at 384-86, the defendant was charged with battery on a law enforcement officer, but the prosecutor commented on the defendant’s failure to produce during the trial photographs of injuries the defendant claimed were sustained during a battery of the defendant rather than a battery committed by the defendant. Similarly, in Miele, 875 So.2d at 814, the prosecutor’s questioning regarding the failure to produce testimony from a specific witness and photographic evidence at trial of another source of $2 bills “suggested at best that Miele had a duty to present additional evidence to refute the State’s allegation that these $2 bills were retrieved during the burglary.”
In contrast, Warmington did not involve comments regarding the failure of the defendant to produce exculpatory evidence at trial that related to elements of the charged crime. Detective Abolsky testified to historical facts of his investigation of the defendant, not any evidence of innocence that the defendant failed to produce at trial. As the Third District explained, “[t]he inquiry made in this ease is no different than an officer’s testimony of the inability of a defendant to produce his registration during the course of an investigatory stop.” Warmington, 86 So.3d at 1190 n. 1. Moreover, the fact that the defendant did not show the investigating officer a set of documents when he was questioned before his arrest does not relate to any element of grand theft. See id. at 1191. Therefore, unlike the situations in Hayes, Ramirez, and Miele, the prosecutor’s questions in Warmington would not have led the jury to believe that the defendant had the burden to refute an element of the charged crime.
Accordingly, because Warmington does not conflict with any of the cited cases, I respectfully dissent.
CANADY and PERRY, JJ., concur.