PER CURIAM.
S.B. appeals the trial court's finding of delinquency for committing a strong arm robbery on Aleida Cruz. The only issue he raises is that the state improperly shifted *499 the burden of proof during its cross examination when it asked S.B. if he had any other witnesses corroborating his testimony that he was somewhere else at the time of the robbery. Finding that the state's cross examination improperly shifted the burden, and that this error was not harmless, we reverse.
On September 6, 2016, Ms. Cruz was walking home from Winn Dixie when someone hit her from behind. As Ms. Cruz turned around, the man hit her again, took her cellular telephone, and ran off. Ms. Cruz saw the man's profile when she turned around, and saw his face again when he ran off. Ms. Cruz had seen the same man a few moments earlier sitting in a car.
Two weeks later, as Ms. Cruz was walking home from her son's school, she saw S.B. and told her husband he was the man who had hit her and taken her cellular telephone. Ms. Cruz's husband told law enforcement, and law enforcement arranged a show up identification where Ms. Cruz pointed out S.B. as the man who robbed her.
S.B. testified that on the afternoon of September 6, 2016, when Ms. Cruz was attacked, he was at band practice at Miami Central High School. The state had this exchange with S.B. on cross examination:
State: ... On the day of this incident you were at band practice, right?
S.B.: Yes, sir.
State: And that band practice was at Miami Central High School?
S.B.: Yes.
State: Is there anyone else here from Miami Central High School Band?
S.B.: No.
State: Do you know the teacher who conducts band or coaches [sic] band at Miami Central High School?
S.B.: Yes.
State: Is he here today?
S.B.: No.
State: When you come from Stellar Academy to Miami Central to do band, or when you were doing that, did you let anybody know that you were there?
S.B.: Yes.
State: Was there like a sign-in sheet, or would you just tell somebody?
S.B.: Just tell somebody.
State: Okay. Who would you tell?
S.B.: Mr. Mac.
State: Who?
S.B.: Mr. Mac. The band director.
State: Okay. Is he here today?
S.B.: No.
State: Do you have friends in that band?
S.B.: Yes.
State: Other students that you know?
S.B.: Yes.
State: Are any of them here today?
S.B.: No.
State: Is there anyone else who was with you at band practice on September 6th who can confirm that you were [t]here, that is here today?
S.B.: No.
Defense Counsel: Judge, I'm going to object to shifting the burden at this point....
Trial Court: Overruled.
The trial court erred in overruling the objection. Asking S.B. if he had any witnesses in court to confirm his testimony about being at Miami Central "may have led the [trier of fact] to believe that [S.B.] had a duty to produce exculpatory evidence." See Warmington v. State, 149 So.3d 648, 650, 654 (Fla. 2014) (plurality opinion) (finding improper burden shifting *500 based on the following exchange: "[Prosecutor]: Was there documentation that day with regards to this explanation he gave you? [Detective Abolsky]: No, in fact, he represented that his home was also his office. And when I asked for him to provide any documentation, he couldn't."); Miele v. State, 875 So.2d 812, 814 (Fla. 2d DCA 2004) ("When cross-examining Arizpe, Miele's former girlfriend, regarding her testimony that Miele's father had given Miele and her $2 bills, the State asked her if Miele's father was present in the courthouse.... This question was a comment on Miele's failure to call his father as a witness to corroborate Arizpe's testimony that Miele's father's money jug was the source of the $2 bills Miele had spent at the convenience store on the day of the burglary."), approved, Warmington, 149 So.3d at 656 ("Accordingly, we ... approve the decisions of the Fourth District in Ramirez[ v. State, 1 So.3d 383 (Fla. 4th DCA 2009) ] and the Second District in Miele....").[1]
We "cannot say beyond a reasonable doubt that the error did not affect the verdict." Rodriguez v. State, 248 So.3d 1085, 1086 (Fla. 2018) (quoting State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986) ). Ms. Cruz's identification was the sole evidence that S.B. committed the crime, and it was impeached. Ms. Cruz only saw the profile of her attacker, who was wearing a hoodie, and described him as having spotted or stained skin. S.B. does not have spotted or stained skin. The burden-shifting error, also, went to the heart of S.B.'s defense that he was not there at the time of the attack. See Miele, 875 So.2d at 814-15 ("This error was not harmless. Angelina Arizpe and Katrina Miele were Miele's only witnesses. Brown was the only witness placing Miele at the crime scene, and her credibility was severely impeached. The only evidence connecting Miele to the burglary besides Brown's testimony was the testimony that he had spent five $2 bills at a nearby convenience store shortly after the burglary. The State's improper questioning suggested at best that Miele had a duty to present additional evidence to refute the State's allegation that these $2 bills were retrieved during the burglary. At worst, the questioning suggested that Miele did not call his father to testify because he could not corroborate the defense witnesses' testimony regarding the source of the $2 bills. Either way, the State has not shown beyond a reasonable doubt that there is no reasonable possibility that the error contributed to the verdict.").
It does not matter that the trier of fact was a judge rather than a jury. As the Florida Supreme Court explained in Petion v. State, 48 So.3d 726 (Fla. 2010) :
When an appellate court is reviewing a bench trial, it should presume that the trial court judge rested its judgment on admissible evidence and disregarded inadmissible evidence, unless the record demonstrates that the presumption is rebutted through a specific finding of admissibility or another statement that demonstrates the trial court relied on *501 the inadmissible evidence. When improper evidence is admitted over objection in this context, the trial court must make an express statement on the record that the erroneously admitted evidence did not contribute to the final determination. Otherwise, the appellate court cannot presume the trial court disregarded evidence that was specifically admitted as proper. In addition, the appellate court still must conduct a harmless error analysis to determine whether there is a reasonable possibility that the challenged error affected the final judgment.
Id. at 737-38. Here, the trial court overruled the burden-shifting objection, and did not indicate that it was not considering this part of S.B.'s testimony. Having conducted a harmless error analysis, we cannot find a reasonable possibility that the challenged error did not affect the final judgment. Thus, we reverse the delinquency finding (and resulting order of probation) and remand for a new adjudicatory hearing.
Reversed and remanded for a new adjudicatory hearing.

While "the state cannot comment on a defendant's failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence," there is "a narrow exception to allow comment when the defendant voluntarily assumes some burden of proof by asserting the defenses of alibi, self-defense, and defense of others, relying on facts that could be elicited only from a witness who is not equally available to the state." Jackson v. State, 575 So.2d 181, 188 (Fla. 1991) (footnote omitted). The exception does not apply here because S.B. did not assert an affirmative defense, and the witnesses the state referred to in its "confirm" question were equally available to both sides.