DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GERLO ULYSSE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-902

[August 12, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 502013CF007342AXXXMB.

Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Angela E. Noble, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, C.J.

Gerlo Ulysse appeals his convictions of battery and false imprisonment. He argues the trial court erred in denying his request for a jury instruction as to his defense of the false imprisonment charge. Finding no abuse of discretion, we affirm.

According to the defense theory, Ulysse gave the victim money to buy drugs. She went into a house where the drugs were being sold to purchase the drugs while Ulysse waited outside. She then absconded through the back door without giving him the drugs (or returning his money), so he chased her down. Ulysse eventually caught up to her and forcibly pulled her into an alley while she screamed for help.

A Palm Beach County Sheriff's Office deputy arrived at the scene and ordered Ulysse to release the victim. Ulysse indicated to the deputy that the victim owed him money and that he intended to take his money. Eventually, law enforcement officials subdued Ulysse and arrested him.

During the trial proceedings, Ulysse requested a jury instruction on justifiable use of force in defense of property for the false imprisonment charge. The trial court addressed the requested instruction during the charge conference. The state asserted that the temporal break between the victim's acceptance of the money and the act of false imprisonment precluded the instruction, and the trial court agreed:

> [If] she grabs or is grabbing . . . [his] cash and he doesn't want her to get that, there's absolutely no question he could hit her in the hand. He could use non-deadly force to secure that money back that is in dispute at this moment. Right, no question about it. That's what the instruction is meant for. But how do I, and why should I extend this instruction to a transaction that had been completed? The money had passed. She is now in full possession of the money. She's walked away with the money. She's left the area. . . . She's gone out the back door. She's a block and a half away. And he chases her down. Why now is he allowed to use some type of force, any force, to get money back that has already passed?

The trial court further recognized, "[I]f you're going to use self-defense, you do it at the time of the transaction. You do it at the time of the dispute. You don't do it after time has passed." It declined the proposed instruction and explained that the defense theory had no basis in law.

On appeal, Ulysse contends that he was entitled to a jury instruction on justifiable use of force in defense of property for the false imprisonment charge because his testimony provided evidence to support the elements of the defense. The state argues that the requested instruction was properly denied because defense of property is not a proper defense to false imprisonment. We agree with the state and the trial court's on-the-record analysis.

"[A] trial court has wide discretion in instructing the jury, and the court's decision regarding the charge to the jury is reviewed with a presumption of correctness on appeal." *Carpenter v. State*, 785 So. 2d 1182, 1199-1200 (Fla. 2001) (citation omitted). Where the standard instructions are given, the defendant bears the burden of demonstrating that the trial court abused its discretion. *Stephens v. State*, 787 So. 2d 747, 755-56 (Fla. 2001) (citations omitted). The trial court's decision will not be disturbed on appeal "unless palpable abuse of this discretion is clearly shown from the record." *Williams v. State*, 437 So. 2d 133, 136 (Fla. 1983).

2

Ulysse requested the standard jury instruction as to the justifiable use of non-deadly force, which provides in pertinent part:

An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which (defendant) is charged if the [death of] [injury to] (victim) resulted from the justifiable use of non-deadly force.

. . . .

*In defense of property. § 776.031, Fla. Stat. . . .*
(Defendant) would be justified in using non-deadly force against (victim) if the following three facts are proved:

1. (Victim) must have been trespassing or otherwise wrongfully interfering with land or personal property.

2. The land or personal property must have lawfully been in (defendant's) possession, or in the possession of a member of [his] [her] immediate family or household, or in the possession of some person whose property [he] [she] was under a legal duty to protect.

3. (Defendant) must have reasonably believed that [his] [her] use of force was necessary to prevent or terminate (victim's) wrongful behavior.

Fla. Std. Jury Instr. (Crim.) 3.6(g). The jury instruction is derived from section 776.031, Florida Statutes (2013), which provides in pertinent part:

A person is justified in the use of force, except deadly force, against another when and to the extent that the person reasonably believes that *such conduct is necessary to prevent or terminate the other's . . . tortious or criminal interference with,* either real property other than a dwelling or *personal property, lawfully in his or her possession . . . .*

(Emphasis added).

Although we are unaware of any authority opining on the application of the defense of justifiable use of force in defense of property where the charged offense is false imprisonment, it is clear that the denial of the

3

requested instruction was proper for two primary reasons. First, the requested defense was not supported by the evidence due to Ulysse willingly giving the victim lawful possession of the money, and, consequently, the instruction may have been misleading or confusing to the jurors. Second, in substance, the theory of the defense was claim of right, not defense of property, and the claim of right defense is inapplicable where the charged crimes do not include theft.

Generally, an instruction on the defense theory should be given where there is evidence to support it. *See Wright v. State* 705 So. 2d 102, 105 (Fla. 4th DCA 1998). The instruction sought by Ulysse was not supported by the evidence. Under section 776.031, in order for the use of force to be justifiable, the victim must be interfering with property within the possession of the accused. Under Ulysse's theory of the defense, he willingly handed his money over to the victim. At that point, she was in lawful possession of the money. As noted by the trial court, there was a temporal difference between the exchange of the money and Ulysse's false imprisonment of the victim. Since she had lawfully obtained possession of the money before Ulysse exerted force on her, he was not using force to prevent or terminate her interference with property lawfully in his possession. Accordingly, the justifiable use of force instruction was not supported by the theory of the defense advanced by Ulysse.

Although Ulysse's testimony may have provided support for some elements of the defense, because his testimony supports a conclusion that he was not lawfully in possession of the property at the time of the use of force, the evidence simply did not support giving the instruction. Furthermore, such an instruction likely would have been misleading or confusing to the jurors, most likely leading them to speculate regarding issues not pertinent to the false imprisonment analysis, such as whether the victim's failure to give Ulysse the drugs for which he paid justified his actions. Consequently, under these facts, the trial court *would have abused its discretion* if it had given the requested instruction.

Finally, the actual theory of the defense advanced by Ulysse was claim of right, not defense of property. The claim of right defense arises from the common law rule recognizing that "a forcible taking of property under a bona fide claim of right is not robbery where the taker has a good faith belief that he is the owner of the property or is entitled to immediate possession . . . ." *Thomas v. State*, 584 So. 2d 1022, 1023 (Fla. 1st DCA), *cause dismissed*, 587 So. 2d 1331 (Fla. 1991). The claim of right theory is inapplicable to Ulysse's defense theory because it is a defense to crimes of theft, *id.*, not false imprisonment. The defense is properly

4

applied to theft because it negates an element of theft, specifically, "the taker's *intent to steal* or commit larceny." *Id.* (emphasis added). The charge of false imprisonment against Ulysse did not require the state to prove that he intended to rob or steal from the victim; therefore, the claim of right defense, or an honest belief that the money was his, does not negate an element of the charged offense.

We find no merit in the second issue raised by Ulysse. Accordingly, we affirm.

*Affirmed.*

STEVENSON, J., concurs.
KLINGENSMITH, J., concurs specially with opinion.

KLINGENSMITH, J., concurring specially.

I believe the majority reached the right result in this case, albeit for different reasons.

While the majority bases its conclusion in part on the lack of any authority applying the defense of "justifiable use of force in defense of property" where the charged offense is false imprisonment, it is just as clear that there are no decisions *prohibiting* its use in that context either.

Under Florida law, the term "false imprisonment" is defined as "forcibly, by threat, or secretly confining, abducting, imprisoning, *or restraining another person without lawful authority and against her or his will.*" § 787.02(1)(a), Fla. Stat. (2013) (emphasis added). Indeed, one can conceive of numerous real-life situations where an individual should be allowed to assert such a defense if defending against that charge. This is especially true in cases where the temporary detention of an alleged wrongdoer is necessary to guarantee his presence, and that of the stolen property, at the scene for law enforcement's intervention. Consequently, any temporary detention of a thief even for a legitimate purpose could subject the owner to a false imprisonment charge without the ability to proffer a defense of property theory. The only thing that would prevent such an occurrence (or perhaps enable its realization) is the exercise of prosecutorial discretion.

Generally, as the majority points out, an instruction on the defense theory should be given where there is evidence to support it. *See Wright v. State* 705 So. 2d 102, 104 (Fla. 4th DCA 1998). However, the instruction sought by Ulysse was inapplicable to the facts of this case.

5

Here, the denial of the requested instruction was proper because the theory of the defense of property is inapplicable where a defendant seeks to recover money given voluntarily to another in furtherance of an illegal transaction. *See State v. Beckett*, No. 09-09-1587, 2014 WL 1419283, at *3 (N.J. Super. Ct. App. Div. Apr. 15, 2014) (finding that the trial judge did not err by failing to provide a jury instruction on the use of lawful force to protect property where the facts of the case as described by defendant did not "jump[] off the page as that of a victim who used justifiable force in defense of property," but "[r]ather . . . reflect[ed] the use of force . . . [was] for the purpose of enforcing an illegal bargain").

Under section 776.031, in order for the use of non-deadly force to be justifiable in defense of property, the person utilizing non-deadly force must reasonably believe:

> [T]hat such conduct is necessary to prevent or terminate the other's trespass on, or other tortious or criminal interference with, either real property other than a dwelling or personal property, lawfully in his or her possession or in the possession of another who is a member of his or her immediate family or household or of a person whose property he or she has a legal duty to protect.

§ 776.031(1), Fla. Stat. (2013).

The scenario in this case is very similar to the situation described in *Beckett*. As in *Beckett*, the facts of this case demonstrate Ulysse impermissibly used force in the course of an illegal transaction. *Beckett*, 2014 WL 1419283, at *3. Under Ulysse's theory of defense, he willingly handed his money over to the victim in order to purchase drugs, and the victim then refused to return it. Because the money was tendered in furtherance of committing a crime, Ulysse no longer had any enforceable right to retrieve it from the victim. Accordingly, the justifiable use of force instruction was not supported by the theory of defense. *See id.* As such, an instruction on the defense of property likely would have been misleading or confusing to the jurors.

Consequently, under these facts, I agree that the trial court properly rejected the requested instruction.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6