DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHEN OLENCHAK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1862

[January 20, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 12-3380CF10A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his conviction for sexual battery upon a person twelve years of age or older in violation of section 794.011(5), Florida Statutes (2012), as a lesser included offense of sexual battery upon a person twelve years of age or older when the victim is physically helpless to resist in violation of section 794.011(4)(a), Florida Statutes (2012). The defendant argues that the trial court erred in three respects: (1) overruling his objection to the standard jury instruction on the lesser included offense for which he was convicted; (2) denying his motion to admit evidence that the victim made similar allegations against another person twelve years earlier; and (3) ordering as a condition of probation that he have no unsupervised contact with anyone under eighteen years of age. We affirm on all three arguments. We write to address the first argument.

The first argument involved Florida Standard Jury Instruction in Criminal Cases 11.3, which the state tailored to its evidence as follows:

> To prove the crime of Sexual Battery upon a Person 12 Years of Age or Older, the State must prove the following three elements beyond a reasonable doubt:
>
> 1. [The victim] was 12 years of age or older.
>
> 2. [The defendant] committed an act upon [the victim] in which the finger of [the defendant] penetrated . . . the vagina of [the victim].
>
> 3. The act was committed without the consent of [the victim].
>
> "Consent" means intelligent, knowing, and voluntary consent and does not include coerced submission. Consent does not mean the failure by the alleged victim to offer physical resistance to the offender.

The defendant objected to standard jury instruction 11.3 because it did not include the word "intentional." The defendant raised this objection because it was his counsel's "understanding that sexual battery is a specific intent crime . . . which would require the word 'intentional,'" and his theory of defense was that his contact with the victim was not intentional. Specifically, he testified that, while he was sleeping next to the victim, the victim initiated the contact by moving his hand towards her crotch area. The defendant's expert witness, a psychiatrist, theorized that the victim was having a "hypnagogic experience," that is, experiencing a hallucination during a period when the person is neither fully conscious nor completely asleep. According to the defendant's witness, a woman having a "hypnagogic experience" could take a male's hand and bring it to her groin.

The trial court overruled the defendant's objection to standard jury instruction 11.3.

We conclude that the trial court did not abuse its discretion in overruling the defendant's objection. *See Ulysse v. State*, 174 So. 3d 464, 466 (Fla. 4th DCA 2015) ("Where the standard instructions are given, the defendant bears the burden of demonstrating that the trial court abused its discretion.") (citing *Stephens v. State*, 787 So. 2d 747, 755-56 (Fla. 2001)).

To have been entitled to a special jury instruction to include the word "intentional" in standard jury instruction 11.3, the defendant must have proved, among other things, that standard jury instruction 11.3 did not

adequately cover his theory of defense that sexual battery is a specific intent crime, and his contact with the victim was not intentional. *See Stephens*, 787 So. 2d at 756 (to be entitled to a special jury instruction, a defendant must prove: "(1) the special instruction was supported by the evidence; (2) *the standard instruction did not adequately cover the theory of defense*; and (3) the special instruction was a correct statement of the law and not misleading or confusing.") (emphasis added; footnotes omitted).

Here, the defendant did not prove that standard jury instruction 11.3 did not adequately cover his theory of defense. The defendant's trial counsel was mistaken in arguing that sexual battery is a specific intent crime. Rather, "[s]exual battery is a general intent crime." *Holland v. State*, 773 So. 2d 1065, 1071 (Fla. 2000) (citation omitted). Because sexual battery is a general intent crime, "Florida law . . . does not require that a defendant act with specific intent." *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 917 (11th Cir. 2004) (citations omitted). *See also Frey v. State*, 708 So. 2d 918, 919 (Fla. 1998) ("[T]he most common usage of 'specific intent' is to designate a special mental element which is required above and beyond any mental state required with respect to the *actus reus* of the crime.") (citations omitted).

Because Florida law does not require that a defendant commit sexual battery with specific intent, instruction 11.3's plain language in the second element – that the defendant "committed an act" upon the victim in which his finger penetrated the victim's vagina – correctly conveyed to the jury that sexual battery is a general intent crime and not a specific intent crime. Thus, to the extent instruction 11.3 required the state to prove the defendant's general intent – to have "committed an act" upon the victim in which his finger penetrated the victim's vagina – the instruction adequately required the state to disprove the defendant's theory of defense that his contact with the victim was not intentional.

It appears to us that the reason why the defendant's intent has become an issue in this appeal is not because the trial court's use of standard jury instruction 11.3 allegedly was improper. Rather, it is because the state made an improper rebuttal argument to which the defendant's trial counsel did not object. Specifically, the defendant first argued in closing:

> They have to prove to you beyond and to the exclusion of every reasonable doubt that [the defendant] intentionally, intentionally took his hand and put it inside her vagina. Have they proven that to you? Do you have an abiding conviction of guilt that that is what he did?

In response, the state improperly argued in rebuttal:

> Ladies and gentlemen, you were just told . . . that the State had to prove that the defendant intentionally committed this act. I would say to you that that is a deliberate misstatement of the law. The Judge read you the law, the elements of sexual battery and nowhere in that instruction did he tell you that the State had to prove intent. *Intent is not an element of this crime.* Don't hold me to that burden that the defense attorney had just laid out for me. *He has increased my burden by requiring me to prove an element of a crime that I don't have to prove to prove my case.*

(emphasis added).

As stated above, although sexual battery is not a specific intent crime, it is a general intent crime. Thus, the state's rebuttal argument that "[i]ntent is not an element of this crime" was a misstatement of the law. For whatever reason, the defendant's trial counsel did not object to this misstatement of the law.

We cannot discern from the face of the record if the defendant's trial counsel had a reason not to object or simply was ineffective. Thus, our affirmance is without prejudice to the defendant filing a Florida Rule of Criminal Procedure 3.850 motion based on ineffective assistance of counsel.

In reaching our decision, we have observed that the judgment and scoresheet indicates the defendant was convicted of violating section 794.011(4)(a), Florida Statutes (2012). That is incorrect. The defendant was convicted of sexual battery upon a person twelve years of age of older in violation of section 794.011(5), Florida Statutes (2012), as a lesser included offense of sexual battery upon a person twelve years of age or older when the victim is physically helpless to resist in violation of section 794.011(4)(a), Florida Statutes (2012). We instruct the trial court to correct the judgment and scoresheet accordingly.

*Affirmed with instructions.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4