GROSSHANS, J.
*930 The State appeals the final order of the trial court granting the defendant's motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). We reverse and remand for further proceedings.
A seventeen-year-old minor female gave birth to a child who was diagnosed with a chromosomal abnormality indicative of incest. Upon learning of the birth defect, the minor informed the hospital's social worker that she had sexual intercourse with her biological father (the defendant) without his knowledge.
Subsequently, law enforcement interviewed the minor and, after being informed of the penalty for perjury, she reiterated that the defendant had no knowledge of the singular incident of intercourse. She provided additional details in the interview, revealing that she went into the defendant's room while he was sleeping and engaged in a sexual act with him without his knowledge or consent. The defendant also gave a statement to law enforcement. In the statement, he disavowed any knowledge of the incident and indicated that he had been on psychotropic medication at that time.
Ultimately, the State charged the defendant with one count of sexual battery on a child between the ages of twelve and eighteen[1] and one count of incest.[2] The defendant filed a motion to dismiss, arguing that the State could not establish a prima facie case of guilt because the minor's testimony indicated that he was physically helpless throughout the intercourse and, therefore, could not "knowingly" or "willfully" commit the act. Though it did not file a traverse, the State acknowledged the minor's statement that the defendant was unconscious. However, it argued that there was clear evidence of sexual intercourse between the defendant and his daughter, and the jury could choose to disregard her explanation of how that intercourse occurred.
After hearing argument from both sides, the trial court granted the defendant's motion. Although expressing skepticism as to the minor's description of the events, the trial court found that there were no disputed facts and that the undisputed facts did not give rise to an offense. The State timely appeals, arguing that the trial court erred in dismissing the charges. We agree.
Our review of an order granting a motion to dismiss is de novo. See Martin v. State, 207 So.3d 310, 318 (Fla. 5th DCA 2016). When considering a defendant's motion to dismiss criminal charges, the trial court must determine whether the State can establish a prima facie case of guilt *931 and must resolve all questions and inferences from the facts in favor of the State. See Boler v. State, 678 So.2d 319, 323 (Fla. 1996).
Sexual battery and incest are general intent crimes. See § 794.011(8)(b) ; § 826.04 ; Olenchak v. State, 183 So.3d 1227, 1229 (Fla. 4th DCA 2016) ; see also McCaskill v.State, 55 Fla. 117, 45 So. 843, 843-44 (1908). Thus, the State is not required to prove that the defendant acted with a specific intent. See Olenchak, 183 So.3d at 1229.
In this case, there is indisputable evidence of sexual intercourse between the defendant and his minor daughter as the act resulted in a child. A jury could infer the necessary general intent from these facts and, thus, the State established a prima facie case of guilt for the crimes charged.
Certainly a jury may choose to believe the defendant was physically helpless and unable to knowingly or willingly engage in intercourse with his daughter. Conversely, the jury may disbelieve part or all of the minor's testimony and find that the State has met its burden based upon the evidence. However, whether the defendant knowingly or willingly committed the sexual act is a question of general intent to be determined by the trier of fact and, thus, "not an issue to be decided by the trial court on a [r]ule 3.190(c)(4) motion to dismiss." State v. Booker, 529 So.2d 1239, 1240 (Fla. 1st DCA 1988).
For the reasons above, we reverse the order dismissing the charges and remand for further proceedings.
REVERSED and REMANDED for further proceedings.
ORFINGER and HARRIS, JJ., concur.

See § 794.011(8)(b), Fla. Stat. (2017) ("Without regard to the willingness or consent of the victim, which is not a defense to prosecution under this subsection, a person who is in a position of familial or custodial authority to a person less than 18 years of age and who: ... (b) Engages in any act with that person while the person is 12 years of age or older but younger than 18 years of age which constitutes sexual battery under paragraph (1)(h) commits a felony of the first degree.").

See § 826.04, Fla. Stat. (2017) ("Whoever knowingly marries or has sexual intercourse with a person to whom he or she is related by lineal consanguinity, or a brother, sister, uncle, aunt, nephew, or niece, commits incest, which constitutes a felony of the third degree.").