RAMIREZ, JUAN, JR., Associate Judge.
Appellant, Clarence Stephenson, seeks reversal of his conviction and sentences for attempted second-degree murder and possession of a firearm during the commission of a felony. We affirm.
On January 9, 1992, the victim, Robert Jackson, was driving his car when he was accosted by four males: The victim knew and recognized his assailants. When they pointed their guns at him, he pressed down on the gas pedal and sped off as his attackers shot at him. He was wounded in his lower back and left arm, suffering the loss of a kidney, a collapsed lung and a fractured arm.
On January 24, 1992, appellant went to the Riviera Beach Police Department to report that he was the victim of an unrelated shooting incident in which he admitted that he used a firearm to shoot back in self-defense. The Riviera Beach police contacted the West Palm Beach Police Department in connection with the January 9th incident. Appellant was interviewed by four police officers from the two jurisdictions. Appellant was read and understood his Miranda rights, signed the Miranda rights form and acknowledged that his statement and confession were of his own free will. Appellant was sober, never asked for an attorney and never refused to talk. Although there were discussions about a deal, no promises were made. Appellant was simply told that if the information he gave them was useful, they would ask the State Attorney’s Office if it wanted to confer use immunity.
In addition to the argument that the police made an implied promise, appellant claims he was coerced by police statements misrepresenting the evidence against him and telling him that he himself had said that jail may be better than dying in the streets.
The trial court found that the totality of circumstances established that the confession was voluntary. This ruling is clothed with *163 the presumption of correctness. Acensio v. State, 497 So.2d 640 (Fla.1986). In Bova v. State, 892 So.2d 950, 953 (Fla. 4th DCA 1980), modified on other grounds, 410 So.2d 1343 (Fla.1982) (quoting United States v. Curtis, 562 F.2d 1153, 1154 (9th Cir.1977), cert. denied, 439 U.S. 910, 99 S.Ct. 279, 58 L.Ed.2d 256 (1978), this court stated that “[a] simple representation to a cooperating confessor that the fact of his cooperation will be made known to prosecuting authorities ... is insufficient to render a confession involuntary.”
A review of the record does not reveal that the officers misrepresented the evidence against appellant, but even if they did, the case law does not support reversal. See Burch v. State, 343 So.2d 831 (Fla.1977); State v. Moore, 530 So.2d 349 (Fla. 2d DCA 1988).
The statement that appellant would be better off in jail than dead on the streets was a quote from appellant’s own prior statement to the officer. This does not require reversal. As the supreme court stated in Bush v. State, 461 So.2d 936, 939 (Fla.1984), “a confession is not rendered inadmissible because the police tell the accused that it would be easier on him if he told the truth.”
During closing argument, defense counsel argued to the jury that it should disregard the confession because the police “tricked” appellant. The prosecutor’s objection was sustained. In rebuttal, the State argued that “[t]here is nothing wrong with the police doing what they did on that tape. It’s not illegal. If it was, you wouldn’t even be hearing this tape.” The court denied the defense motion for a mistrial.
The voluntariness of a confession “is a mixed question of fact and law to be determined initially by the trial court in ruling on admissibility of the statement and ultimately by the jury.” Donovan v. State, 417 So.2d 674, 676 (Fla.1982). Florida Standard Jury Instruction (Crim.) 2.04(e) admonishes the jury that a confession is to be considered “with caution and be weighed with great care to make certain it was freely and voluntarily made.” The jury is instructed that if, in the totality of circumstances, it determines that the statement was not freely and voluntarily made, it should disregard the statement. A jury may find a confession to be involuntary and disregard it, despite a judge’s finding that it was voluntary. Houck v. State, 421 So.2d 1113, 1116 n. 2 (Fla. 1st DCA 1982). Thus, a criminal defendant is given two opportunities to attack a confession.
The prosecutor’s remark created the erroneous impression that the voluntariness of the confession had been resolved. It would be a cruel joke for the law to grant the defendant a right to have the jury redetermine the voluntariness of a confession, but at the same time allow the State to intimate that the admissibility of the confession had already been determined.
This does not mean, however, that the prosecutor’s comment compels a new trial. In Whitfield v. State, 479 So.2d 208, 212 (Fla. 4th DCA 1985), this court affirmed a conviction after the trial judge stated in front of the jury that the confession “[w]ill be received and filed as State’s 12 in evidence. Subject to whatever existing objections we will find that it was freely and voluntarily made.” This court stated that the trial judge should make its investigation on the volun-tariness of a confession outside the presence of the jury and its “conclusion should not be stated to the jury_” Id. at 213. The court gave three reasons for not reversing Whitfield’s conviction: (1) the judge’s comment was induced by defense counsel; (2) even if the comment was. error, the two later instructions to the jury overcame it; and, (3) even if the error survived the judge’s efforts at cure, it was harmless. Id.
Unlike Whitfield, the comment here was made by the prosecutor, not the judge. Instead of objecting immediately, defense counsel reserved the right to make a motion for mistrial, which was denied. He made no request for a curative instruction. The jury was subsequently instructed in accordance with the standard jury instructions regarding confessions.
Appellant also claims error in his sentence as a habitual violent felony offender for his convictions for attempted second-degree murder and possession of a firearm by a *164 convicted felon. He was sentenced to thirty years on each count with a minimum of ten years, each concurrent with the other. We find no merit in this argument because the firearm was not used to enhance the murder conviction.
AFFIRMED.
DELL, C.J. and STONE, J. concur.