JACOBUS, J.
Orlando Charriez appeals the judgment and sentence entered after a jury returned a verdict finding him guilty of one count of lewd or lascivious battery and four counts of sexual activity with a sixteen- or seventeen-year-old child. On appeal, Charriez contends the trial court: (1) erred in failing to grant his motion for mistrial based upon improper comments made by the State during closing argument; and (2) erred in failing to grant his motion for judgment of acquittal based upon the State’s failure to present evidence excluding every reasonable hypothesis of innocence. While we find no error in the trial court’s denial of Charriez’s motion for judgment of acquittal, we do find merit to Charriez’s claim that the cumulative effect of the improper comments made by the prosecutor during closing argument denied him a fair trial. Therefore, we reverse his judgment and sentence and remand the case for a new trial.
Charriez’s charges stem from accusations that he had a sexual relationship with a minor who resided at the same apartment complex as Charriez. When he was confronted with these accusations, Char-riez vehemently denied any sexual conduct with the victim and he never confessed or in any way indicated that he had a sexual relationship with her. At trial, there was no forensic evidence that would indicate any sexual conduct took place, and the State’s case was based upon the testimony of the victim.
During closing argument, the prosecutor made a number of improper comments. First, she made several references to facts not in evidence when she: (1) emphasized the importance of enforcing the laws Charriez was charged with violating in order to protect fifteen-, sixteen-, and seventeen-year-old children who do not have the ability to understand the consequences of their actions; (2) suggested that the reason the victim had changed her story was that she was nineteen years old at the time of trial and she might have had a different perspective on things than when she was fifteen; and (3) speculated that the reason no forensic evidence was found in the victim’s apartment was that she and Charriez probably had more sex at his apartment. Next, the prosecutor misstated the law as it relates to reasonable doubt when she suggested that if the jurors believed the victim, they would have to convict Charriez. See Clewis v. State, 605 So.2d 974, 975 (Fla. 3d DCA 1992) (“The test for reasonable doubt is not which side is more believable, but whether, taking all the evidence in the case into consideration, guilt as to every essential element of the charge has been proven beyond reasonable doubt.” (citing United States v. Stanfield, 521 F.2d 1122, 1125 (9th Cir.1975))). Finally, the prosecutor made an improper appeal to the jurors’ community conscience by suggesting that they had a communal duty to convict Char-riez in order to protect the community. Although Charriez’s defense counsel did not object to each of these comments and they may not individually rise to the level of fundamental error, their cumulative effect denied Charriez a fair trial. See Slagle v. State, 58 So.3d 427 (Fla. 1st DCA 2011) (cumulative effect of prosecutor’s errors denied Slagle a fair trial); Freeman v. State, 717 So.2d 105 (Fla. 5th DCA 1998) (finding that the cumulative effect of prosecutor’s errors, which included improper bolstering of police witnesses, impermissible burden shifting, and improper references to the facts not in evidence, required a new trial). Accordingly, we reverse and remand for a new trial.
*1129 REVERSED and REMANDED for New Trial.
PALMER, J., concurs.
EVANDER, J., dissents, with opinion.