STEVENSON, J.
Following a jury trial, Maximo Gordon was convicted of fleeing and eluding and sentenced to 56.7 months in prison. Appellant challenges both his conviction and the sentence imposed. We reject appellant’s argument that testimony elicited by the State that he stopped his All Terrain Vehicle (ATV) near an apartment complex nicknamed “Doom City” due to gang activity in the area was sufficiently prejudicial to warrant reversal. Other than the arresting officer noting that appellant had briefly stopped his ATV near the area, no further connection was made between appellant and the apartment complex.
As for the sentence, appellant insists he is entitled to be resentenced because the judge was under the mistaken belief that he was being sentenced for a *232 violation of section 316.1935(2), Florida Statutes (2009) (willfully fleeing and eluding a marked law enforcement vehicle with sirens flashing), rather than a violation of section 316.1935(1) (willfully fleeing and eluding a law enforcement officer after having knowledge of an order to stop)— the crime for which the jury found the defendant guilty. This issue was not preserved for appeal. But, even if it were, it is without merit. The judgment of conviction admittedly reflects a conviction for section 316.1935(2), rather than a conviction for section 316.1935(1). It is clear from the record, however, that the trial court was well aware the defendant had been found guilty of a violation of subsection (1) and was before the court to be sentenced for a violation of section 316.1935(1). We thus affirm the conviction and sentence, but remand with directions that the trial court correct the scrivener’s error in the judgment.

Affirmed and Remanded.

WARNER and POLEN, JJ., concur.