LEVINE, J.
The issue presented for our review is whether the trial court erred in overruling appellant’s objection to the prosecutor’s statement in closing argument assuring the jury that it would not have heard appellant’s taped statement to police if it was not freely and voluntarily made. We find that the trial court erred in overruling appellant’s objection, as the prosecutor’s *261 statement improperly implied that the vol-untariness of the confession had already been determined. We reverse and remand.
Appellant was charged and convicted of dealing in stolen property. Appellant was in a relationship with Bruce Wasserman. After the relationship ended, appellant and her new boyfriend, Gambino Delgado, would sometimes stay at Wasserman’s house. At some point, a rug was taken from Wasserman’s home. Appellant later brought a rug to a gallery to sell on consignment. The rug had the same identification numbers as Wasserman’s rug. A surveillance video showed appellant signing a consignment agreement using the name Elexis Gambino.
Subsequently, appellant spoke with a detective from the Broward Sheriffs Office, after being given her Miranda rights. Appellant claimed that her boyfriend, Delgado, committed the burglary. Appellant denied filling out the paperwork to put the rug on consignment. When the detective told appellant that she was on the surveillance tape, appellant stated that she did not steal the rug. The following exchange then ensued:
A. ... What is going to happen now?
Q. Tonight you are going to jail. Grand theft and dealing in stolen property. Tonight you are getting charged with them. There is .no way around that. I haven’t even—
A. You told me I wasn’t going to jail.
Q. Remember what I told you, if you are a hundred percent truthful. What I tell you at the beginning?
A. If I was truthful. And not.
Q. If you had a legitimate — let me tell you something Elexis, if you had a legitimate — if you would have told me, if you would have told me I would have told me over and didn’t tell the truth and it would have been a lie, but if the truth would have been this, that is my carpet, I also own it, I bought it with him together. I went to Kodner. I put it on consignment, because I need .to make money, and I don’t work.[1]
At trial, appellant téstified that Wasser-man had purchased the rug for her. She admitted that she signed the consignment slip. When Wasserman told her about a reward for the stolen rug, she told him that the rug was at the consignment store. Appellant stated that she was not truthful with the detective because she was nervous and scared and because she had a drug problem. She admitted on cross-examination that she never told the detective that the rug belonged to her.
During closing arguments, appellant argued that the jury should disregard appellant’s statement to the police because it was not freely and voluntarily made:
Now, there was an exchange between the detective and Ms. Garcia where she says, he tells her she is getting arrested.
And she says, well, wait a second, you told me I wasn’t going to get arrested. You told me whether I told the truth or not, I was not going to get arrested.
And why that is pertinent, is because you have to consider whether a statement was knowing, voluntarily and freely made. And in making that determination you should consider the total circumstances including but not lim[it]ed to whether when the defendant made the statements she had been threatened in order to get her to make it, or whether anyone had promised her *262 anything, whether anyone had promised her anything in order to get her to make a statement.
You are not going to get arrested if you talk to me. That is a promise.
And if you conclude that the Defendant’s out of court statement was not freely and voluntarily made, being based on a promise, you should disregard it.
What that means is if you don’t think this was a free and voluntary statement, if you think that she was either forced, pressured or lied to—
[[Image here]]
Ladies and gentlemen, let me make it clear. I’m simply pointing out to you the law that you are going to receive, and it is clear as day that if you conclude the defendant’s out of court statement was not freely or voluntarily made, you should disregard that.
What does that mean? If you feel she was threatened to make it, I will allow you, you are not going to get arrested or if you are promised anything, like you are not going to get arrested, then guess what, you should disregard it, regardless of the fact that you heard it and it is in evidence. You should disregard it, because why? It is not credible.
During a sidebar conference, the state objected to appellant’s argument, claiming that appellant was arguing issues for suppression. The court overruled the objection.
During the state’s closing argument, the prosecutor stated the following:
There is some talk, oh, the tape is a mistake, because the — all the statements weren’t freely and voluntarily made.
I assure you, you wouldn’t be listening to that tape if they were not freely and voluntarily made. That is an argument by the defendant.
I assure you that does not apply here.
During a sidebar conference, defense counsel objected to the prosecutor’s argument as improperly suggesting that the voluntariness of the confession should have been dealt with in a pretrial motion to suppress. Defense counsel contended that the jury instructions permitted him to argue to the jury that it should “disregard” the confession. The trial court noted defense counsel’s objection but found that the prosecutor’s argument had not “crossed the line.”
Appellant was convicted of dealing in stolen property. This appeal ensues.
We review “[ijmproper prosecutorial arguments ... under an abuse of discretion standard.” Lucas v. State, 67 So.3d 382, 336 (Fla. 4th DCA 2011).
The prosecutor clearly made an improper argument by stating, “I assure you, you wouldn’t be listening to that tape if they were not freely and voluntarily made. That is an argument by the defendant. I assure you that does not apply here.” Appellant was justified in arguing to the jury that her confession was not freely and voluntarily made and therefore the jury could “disregard” it.
In fact, the trial court subsequently instructed the jury that it “must determine from the evidence that the defendant’s alleged statement was knowingly, voluntarily and freely made”:
A statement claimed to have been made by the defendant outside of court has been placed before you. Such a statement should always be considered with caution and be weighed with great care to make certain it was freely and voluntarily made.
Therefore, you must determine from the evidence that the defendant’s alleged statement was knowingly, voluntarily, and freely made.
In making this determination, you should consider the total circumstances, including but not limited to
*263 1. whether, when the defendant made the statement, she had been threatened in order to get her to make it, and
2. whether anyone had promised her anything in order to get her to make it.
If you conclude the defendant’s out of court statement was not freely and voluntarily made, you should disregard it.
See Fla. Std. Jury Instr. (Crim.) 3.9(e).
Stephenson v. State, 645 So.2d 161 (Fla. 4th DCA 1994), is most instructive. In Stephenson, the defendant claimed his statement was the result of implied promises from the police and further claimed that police misstatements coerced him into giving the statement. The trial court ruled that, given the totality of circumstances, the confession was voluntary. At the trial, the defendant “argued to the jury that it should disregard the confession because the police ‘tricked’ appellant.... In rebuttal, the State argued that ‘[t]here is nothing wrong with the police doing what they did on that tape. It’s not illegal. If it was, you wouldn’t even be hearing this tape.’ ” Id. at 163. The Stephenson court recognized that the defendant has “two opportunities to attack a confession.” Id. The defendant can first attack the confession before the trial court and then later again attack the confession by having the jury make a determination regarding the voluntariness of a confession.
In the instant case, as in Stephenson,
[t]he prosecutor’s remark created the erroneous impression that the voluntariness of the confession had been resolved. It would be a cruel joke for the law to grant the defendant a right to have the jury redetermine the voluntariness of a confession, but at the same time allow the State to intimate that the admissibility of the confession had already been determined.
Id. Unlike Stephenson, where the defendant did not immediately object to the prosecutor’s statement, in the present ease, appellant objected immediately to the improper argument of the prosecutor. In this case, the prosecutor gave the jury the “erroneous impression” that the voluntariness of the confession had been already determined.
Finally, we cannot say the prosecutor’s argument, assuring the jury that appellant’s statement was “freely and voluntarily” given, constituted harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The last argument heard by the jury was the prosecutor’s assurance of the voluntariness of appellant’s statement, which was a key part of the state’s case due to the fact that the taped statement conflicted with appellant’s in-court testimony. As a result, we cannot say that the error in this case was harmless. Therefore, we reverse appellant’s conviction and remand for a new trial.

Reversed and remanded.

WARNER and CIKLIN, JJ., concur.

1. Due to a problem with the tape, this statement was actually played twice for the jury. The wording of the second transcription differed slightly but was not materially different from the first transcription.