DAMOORGIAN, C.J.
Julius Young appeals his judgment and sentence for burglary of a dwelling and third degree grand theft. Young raises multiple issues on appeal.[1] We find merit in Young’s argument that the trial court reversibly erred when it permitted the prosecutor to suggest during closing that the photo lineup was credible based on a pretrial ruling. Accordingly, we reverse and remand for a new trial.
On the day the crime was committed, the investigating officer called one of the victims to the police station and presented him with a photo lineup. The victim identified the photo of Young as the man he saw in his home. The photo lineup became the subject of a defense motion to suppress, which the trial court denied. At trial, defense counsel challenged the reliability of the photo lineup, arguing during closing that the lineup was “inherently suggestive, which means it is not competent, credible, reasonable evidence.” On rebuttal, the prosecutor countered that the lineup comported with standard police procedures and went on to state:
The officer he didn’t — he didn’t suggest anything, nothing was unduly suggestive. Uh, if — if it was unduly suggestive, you wouldn’t have heard that because that would have been a matter of law for the Judge to decide. And remember we talked about that in jury selection, everyone has a role? Judge’s role is a matter of law. So if there were anything to suppress because it was unduly suggestive, it would have been suppressed, but it wasn’t.
Defense counsel objected and moved for a mistrial, claiming that the state’s argument was inappropriate because defense counsel never said that the lineup was illegal. The court denied the motion for mistrial but provided the following curative instruction:
All right, once — once again, ladies and gentlemen, you’ve heard it several times even from the attorneys and you’ll hear it from me again at this moment, decisions of law, rulings on the law are the province of the Court. I will instruct you on the law. Nothing you hear from either one of these attorneys, even if it happens to be correct, is — is your instruction on the law in this case and I will instruct you in the law momentarily.
The prosecutor concluded his rebuttal and the court instructed the jury on the law. The jury returned a guilty verdict and the trial court entered judgment against Young for burglary of a dwelling and third degree grand theft.
*534 On appeal, Young argues that the trial court abused its discretion in denying his motion for mistrial because the prosecutor’s comments about the photo lineup suggested that the victim’s pretrial identification met a threshold standard of reliability based on the trial court’s pretrial determination. Young contends that the court’s curative instruction compounded the error because it suggested that the prosecutor’s argument “happened to be correct.” The State counters that defense counsel invited the prosecutor’s comments by attacking the credibility of the lineup during his own closing argument and that the trial court’s curative instruction was sufficient to correct any misunderstanding the comments might have conveyed to the jury. The State maintains there is no indication that the prosecutor’s comments deprived Young of a fair trial. We disagree.
When reviewing the impropriety of a prosecutor’s comments, the court must consider the comments in context. McKenney v. State, 967 So.2d 951, 955 (Fla. 3d DCA 2007). The comments are not improper if they were “invited” by defense counsel’s preceding argument on the same topic. Scott v. State, 66 So.3d 923, 930 (Fla.2011). “[Ujnder the ‘invited response’ doctrine, the State is permitted ‘to emphasize uncontradicted evidence for the narrow purpose of rebutting a defense argument since the defense has invited the response.’ ” Id. (quoting Caballero v. State, 851 So.2d 655, 660 (Fla.2003)). In Pierre v. State, 88 So.3d 354 (Fla. 4th DCA 2012), we stated:
In order for the necessity of a new trial to arise, the improper prosecutorial comments must either: “deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise.” A mistrial is appropriate where the error was “so prejudicial as to vitiate the entire trial.”
Id. at 356 (citations omitted). We reject the State’s argument that the prosecutor’s comments were “invited” by defense counsel’s closing argument and hold that the prosecutor’s comments deprived Young of a fair trial by suggesting that the reliability of the photo identification had already been resolved by the trial court.
Our decisions addressing prosecutors’ closing comments about the voluntariness of confessions support this conclusion. See, e.g., Garcia v. State, 125 So.3d 260 (Fla. 4th DCA 2013); Stephenson v. State, 645 So.2d 161 (Fla. 4th DCA 1994). In Stephenson, defense counsel argued during closing that the jury should disregard the defendant’s confession because he was tricked. 645 So.2d at 163. On rebuttal, the state countered that the police did not do anything wrong because “[ijt’s not illegal [and][i]f it was, you wouldn’t even be hearing this tape.” Id. Although the trial court denied the defendant’s motion for mistrial, we held that “[tjhe prosecutor’s remark created the erroneous impression that the voluntariness of the confession had been resolved.” Id. Nevertheless, we affirmed the conviction because the jury was subsequently instructed according to the standard jury instructions for confessions — that if it determines the statement was not freely and voluntarily made, it should disregard the confession — and therefore, any error was harmless. Id. at 163-64; see also State v. DiGuilio, 491 So.2d 1129,1135 (Fla.1986).
In contrast, in Garcia, we held that a similar prosecutorial comment during closing was not harmless error because it was the last thing the jury heard. 125 So.3d at *535 263 (applying Stephenson). The confession in Garcia was a key component of the state’s case since the statement conflicted with the defendant’s in-court testimony. Id.
The prosecutor’s comments in this case were similar to the ones made in Stephenson and Garcia. By arguing to the jury that if the lineup was inherently suggestive it would have been suppressed, the prosecutor suggested that the reliability of the lineup had already been decided by the trial court. The trial court had the opportunity to cure this error by instructing the jury that it was empowered to form its own opinion about the credibility of the victim’s testimony and the pretrial identification of the defendant. Instead, the trial court’s instruction merely reiterated that it is the role of the court, and not the attorneys, to instruct the jury on the law. This instruction did nothing to correct the impression left on the jury by the prosecutor.
Like the confession in Garcia, the victim’s identification of Young in the photo lineup was hotly contested and crucial to the state’s case. This made the prosecutor’s comments and the lack of a meaningful curative instruction all the more significant. Accordingly, we cannot say that the prosecutor’s comments in this case constituted harmless error. See Garcia, 125 So.3d at 263 (citing DiGuilio, 491 So.2d at 1135). For these reasons, we reverse Young’s conviction and remand for a new trial.

Reversed and Remanded for a new trial.

TAYLOR and LEVINE, JJ., concur.

. Young argues that the following constitute reversible error: (1) admitting the co-defendant's taped interview with the detective, (2) excluding the expert testimony on eyewitness identification, and (3) permitting the prosecutor’s closing comments about the credibility of the photo lineup. Young also argues that the unscored offenses must be stricken from his scoresheet and that the sentencing order must be corrected to reflect that his sentences are concurrent. Finally, Young argues that the 2008 amendment to Florida's Youthful Offender Act violated his constitutional rights. See Jackson v. State, No. 4D11-3174, 137 So.3d 470, 2014 WL 1225270 (Fla. 4th DCA Mar. 26, 2014).