DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MAXIMO GORDON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4066

[December 2, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 09-18336 CF10A.

Maximo Gordon, Miami, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Maximo Gordon (Gordon) appeals a circuit court order summarily denying his Florida Rule of Criminal Procedure 3.850 motion. We affirm in part and reverse and remand on two of the fourteen grounds raised.

Gordon was convicted of fleeing and eluding a law enforcement officer and sentenced in 2011 to 56.7 months in prison. This Court affirmed his conviction and sentence in *Gordon v. State,* 103 So. 3d 231 (Fla. 4th DCA 2012). We affirm without further discussion the postconviction court's summary denial of all of the grounds except for numbers two and nine.

In ground two, Gordon claimed ineffective assistance of counsel for affirmatively misadvising him that if he testified at trial, the prosecution could introduce the nature of his prior convictions, not just the number of them. A defendant or other witness can be impeached with evidence that he has been convicted of a crime punishable by death or prison for more than one year under the law under which he was convicted, or evidence of a conviction involving dishonesty or false statement. *See* § 90.610(1), Fla. Stat. (2009); *Brown v. State,* 787 So. 2d 136, 138-39 (Fla. 4th DCA 2001).

Gordon alleged that counsel's advice was not consistent with this law. This claim was legally sufficient. We reverse the order summarily denying it and remand for attachment of portions of the record to refute it or an evidentiary hearing.

In ground nine Gordon included a claim of ineffective assistance of counsel for failure to investigate and preserve evidence to support his defense that police officers had a motive to arrest him, other than his allegedly unlawful conduct. The State argued this claim involved trial strategy. It is well-settled that an evidentiary hearing must be held to evaluate this position. *See Rector v. State*, 668 So. 2d 1104, 1105 (Fla. 4th DCA 1996).

As for the included claim of failure to call a particular witness, the State has acknowledged that the postconviction court erred in summarily denying relief without affording Gordon leave to amend to allege, if he can do so in good faith, that the witness was actually available to testify at his trial. *Spera v. State*, 971 So. 2d 754 (Fla. 2007); *Nelson v. State*, 875 So. 2d 579, 583-84 (Fla. 2004). Gordon included other claims under this ground which were legally insufficient, including a claim of failure to conduct discovery on whether the police cruisers involved had dashboard cameras and failure to obtain a "use of force report." Gordon is entitled to amend them too, if possible, on remand. We reverse and remand for Gordon to be afforded leave to amend ground nine and for an evidentiary hearing if the trial court concludes that any of the claims involved trial strategy.

In sum, we reverse and remand for further consideration of points two and nine consistent with this opinion. We anticipate that the trial court will allow Gordon to amend his claims within point nine, if he can, before an evidentiary hearing is held on any claims including those involving trial strategy.

*Affirmed in part, reversed and remanded in part.*

MAY, DAMOORGIAN and LEVINE, JJ., concur.

*         *         *

**Not final until disposition of timely filed motion for rehearing.**