DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHEN OLENCHAK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3007

[November 18, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Judge; L.T. Case No. 12003380CF10A.

Stephen Olenchak, Arcadia, pro se.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant belatedly[1] appeals an amended order that summarily denied his amended motion for post-conviction relief based on a State response. He raised eleven grounds in his motion but has abandoned three of them. We agree with him that the trial court erred in summarily denying grounds one, two, nine and the grounds that claim cumulative error, grounds four and eleven. We reverse in part and remand for an evidentiary hearing or record attachments refuting those grounds. We affirm on all other grounds.

The State charged the defendant with two counts of sexual battery. The information alleged penile penetration of the victim's vagina (count one), and digital penetration (count two). The jury found him not guilty of count one, but guilty of count two. The conviction on count two was later vacated due to juror misconduct.

---

[1] We granted the defendant's petition for belated appeal in Case No. 4D19-2362.

The State subsequently charged the defendant with one count of sexual battery and later added the element that the victim was physically helpless to resist. His defense was that the victim initiated the sexual contact when she placed his hand on her crotch area while she was in a dreamlike state.

The jury convicted him of sexual battery, a lesser included offense. The court sentenced him to 120 months in prison followed by two years of community control and three years of sexual offender probation. On appeal in that case, the defendant argued the trial court erred in: (1) overruling his objection to the standard jury instruction on sexual battery and denying his request for a special instruction; (2) denying his motion to admit evidence that the victim made similar allegations against another person 12 years earlier; and (3) ordering as a condition of probation that he have no unsupervised contact with anyone under 18 years of age. We affirmed without prejudice to his filing a rule 3.850 motion. *Olenchak v. State*, 183 So. 3d 1227, 1229-30 (Fla. 4th DCA 2016).

In his amended rule 3.850 motion, he raised eleven grounds. The court summarily denied his motion, incorporating the State's response. From that order, the defendant now appeals.

The defendant first argues ineffective assistance of counsel for failure to object to the prosecutor's misstatement of law during closing argument. At trial, defense counsel stated: "They have to prove to you beyond and to the exclusion of every reasonable doubt that he intentionally, intentionally took his hand and put it inside her vagina." That statement prompted the prosecutor to say in rebuttal:

> Ladies and gentlemen, you were just told that the State has not proven its case. You were told that the State had to prove that the defendant intentionally committed this act. I would say to you that that is a deliberate misstatement of the law. The Judge read you the law, the elements of sexual battery and nowhere in that instruction did he tell you that the State had to prove intent. Intent is not an element of this crime. Don't hold me to that burden that the defense attorney had just laid out for me. He has increased my burden by requiring me to prove an element of a crime that I don't have to prove to prove my case.

Defense counsel did not object.

In *Olenchak*, we said:

2

[A]lthough sexual battery is not a specific intent crime, it is a general intent crime. Thus, the state's rebuttal argument that "[i]ntent is not an element of this crime" was a misstatement of the law. For whatever reason, the defendant's trial counsel did not object to this misstatement of the law.

We cannot discern from the face of the record if the defendant's trial counsel had a reason not to object or simply was ineffective. Thus, our affirmance is without prejudice to the defendant filing a Florida Rule of Criminal Procedure 3.850 motion based on ineffective assistance of counsel.

*Id.* at 1229–30.

The State noted in its response to the defendant's amended post-conviction motion that the court verbally gave the standard jury instructions and provided each juror with a paper copy of them. The State also argued that the court advised the jurors to remember that what the lawyers say is not evidence nor instruction on the law.

The State now argues the prosecutor's comment was an isolated remark that was not a feature of the trial or closing argument. It relies on *Conner v. State*, 910 So. 2d 313, 317 (Fla. 5th DCA 2005), which held that a prosecutor's comment on the defendant's failure to call two witnesses constituted harmless error where, after the comment, the court gave jury instructions on the prosecution's burden of proof and said that the defense does not have to present evidence or prove anything.

Closer on point are two of our decisions: *Young v. State*, 137 So. 3d 532 (Fla. 4th DCA 2014) and *Owens v. State*, 261 So. 3d 585 (Fla. 4th DCA 2018). We find them both helpful and support a reversal here.

In *Young*, the prosecutor argued that if a photo lineup was inherently suggestive, the court would have suppressed it, suggesting the court had already ruled on the issue when it had not. 137 So. 3d at 535. We noted the trial court had the ability to correct the misstatement of law but did not do so. *Id.* Instead, the court told the jury that the judge had the role of instructing on the law, not the attorneys. *Id.* The court's error in failing to correct the misstatement was not harmless. *Id.* We reversed and remanded for a new trial. *Id.* Similarly, in *Owens* we held a prosecutor's

erroneous statement on a contested issue was not harmless and warranted a new trial. 261 So. 3d at 589.[2]

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. *See Wong v. Belmontes*, 558 U.S. 15, 27, 130 S.Ct. 383, 390, 175 L.Ed.2d 328 (2009) *(per curiam); Strickland*, 466 U.S., at 693, 104 S.Ct. 2052. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. *Id.,* at 696, 104 S.Ct. 2052. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id.,* at 693, 697, 104 S.Ct. 2052. The likelihood of a different result must be substantial, not just conceivable. *Id.* at 693, 104 S.Ct. 2052.

*Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

Here, the prosecutor erroneously stated that intent was not an element of the crime. However, it was an element, and the issue of intent was a critical issue for the defense. The defense expert theorized the contact was the result of a "hypnagogic experience" in which the victim was not fully conscious or completely asleep when she placed the defendant's hand on her crotch. Thus, the defense presented that the defendant lacked the requisite intent to commit the crime.

The defendant also suggests that because the jurors were instructed on the law prior to closing arguments, the prosecutor's erroneous comment was the last thing the jurors heard before deliberating.

We agree with the defendant that he has demonstrated a facially sufficient claim of a deviation from the standard of performance on this ground and resulting prejudice. The trial court erred in summarily denying this ground without an evidentiary hearing or attachment of records to refute the defendant's claim.

---

[2] We are aware that the cases relied upon involved a direct appeal from a conviction where the harmless error analysis was employed. That is significantly different from this case where the standard is set by *Strickland v. Washington*, 466 U.S. 668 (1984).

In related ground two, the defendant argued that defense counsel had an erroneous understanding of the law; i.e., that sexual battery is a specific intent crime. Because defense counsel persisted in this erroneous understanding in preparing and presenting his defense, he rendered ineffective assistance of counsel. We noted as much in the direct appeal. *Olenchak*, 183 So. 3d at 1229.

In ground four, the defendant argued that the cumulative effect of the previous deficiencies deprived him of effective assistance of trial counsel. We agree to the extent that the trial court erred in summarily denying this ground.

In ground nine, the defendant alleged ineffective assistance of counsel for erroneously informing him that he was prohibited from introducing testimony from the first trial in which he was charged with penile penetration. The evidence included testimony and a report from the Sexual Assault Treatment Center (SATC) that the victim was a virgin with hymen intact and no indicia of sexual contact or injury. After the first trial, the jury found the defendant not guilty on the count charging penetration.

The State responded that defense counsel and the prosecution agreed at the start of the second trial to exclude evidence about the victim previously accusing the defendant of penile penetration in the first case. The prosecution redacted portions of a recorded phone call with a reference to the word "penis," and excluded evidence that the victim's mother saw appellant washing his penis in the sink.

The State argued this claim involved trial strategy by defense counsel. However, such claims ordinarily must be considered and resolved by evidentiary hearing. *See Gordon v. State*, 181 So. 3d 1193, 1194 (Fla. 4th DCA 2015) (citing *Rector v. State*, 668 So. 2d 1104, 1105 (Fla. 4th DCA 1996)). The trial court erred in summarily denying this ground.

In ground eleven, the defendant claimed the cumulative effect of the previous claims. Since we agree that the summary denial of the individual claims identified here warrants reversal, denial of the ground on their cumulative effect does also.

For the foregoing reasons, the trial court erred in summarily denying grounds one, two, and nine, as well as four and eleven for their cumulative effect. We therefore reverse and remand for an evidentiary hearing on these grounds or attachment of records refuting them.

*Affirmed in part and reversed and remanded in part.*

FORST and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**